GALLAGHER et al., respondents, *v.* BASEY et al., appellants.

EQUITY — *trial of suit — decree — findings of jury.* A suit in equity is properly tried by the court that bases the judgment and decree upon the pleadings, evidence and proceedings in the case in accordance with its convictions, and without any regard to the findings of the jury upon questions that were submitted to aid the conscience of the court, or any other considerations.

EQUITY AND LAW — *power of legislature over proceedings.* The territorial legislature can prescribe the forms of proceedings in cases in equity and ac-

tions at law, but cannot destroy or blend together the separate and distinct jurisdictions of chancery and common law, which have been conferred upon courts by the organic act.

CASES IN EQUITY — *equitable defense* — *trial by jury* — *decree.* Cases in equity, in which equitable relief is demanded, and actions at law, in which an equitable defense is made, cannot be tried by a jury as at law, but the decree must be rendered by the judge, sitting as a chancellor in a court of chancery.

STATUTORY CONSTRUCTION — *organic act* — "*limited by law.*" The phrase, "limited by law," in the ninth section of the organic act of the Territory, means that the mode and manner of proceedings may be controlled and governed by law.

### Appeal from the Third District, Meagher County.

THE decree was rendered by WADE, J. The jury found eighteen special findings.

The facts appear in the opinion.

The parties stipulated that this cause should be "heard and determined on the merits of the decree and special findings and record without brief."

E. W. TOOLE, for appellants.

S. ORR, CHUMASERO & CHADWICK and SHOBER & LOWRY, for respondents.

WADE, C. J. This was an application for an injunction to restrain and perpetually enjoin the defendants from the use of the waters of a certain stream known as Avalanche, situate in the Missouri valley, in Meagher county, Montana.

The complaint is a bill in chancery, and substantially sets forth : That, in the year 1866, the plaintiffs and their predecessors in interest took up certain ranches on the public domain, for the purpose of settlement and cultivation, in the county of Meagher, situate on the Missouri river bottom, a short distance below, a stream known as Avalanche, and that water for irrigating purposes is necessary for the successful cultivation of said ranches. And it is further alleged that, from the year aforesaid to the present time, the plaintiffs and their predecessors in interest and possession have occupied, cultivated, and now occupy and cultivate

said ranches; that at the time of the location of said ranches by the plaintiffs, the water flowing in Avalanche creek was unappropriated by any person, and was subject to appropriation, and that the plaintiffs at that time, by means of a certain ditch constructed by them and their predecessors, appropriated five hundred inches, miner's measure, of the waters of said creek for the purpose of irrigating their said ranches, and that that amount of water is necessary to successfully cultivate the same, and that plaintiffs' ditch taps said creek a short distance above where the same empties into the Missouri river; that continuously since the construction of said ditch, up to the time of the wrongful acts of the defendants herein complained of, the plaintiffs and their predecessors in interest have successfully cultivated their said ranches by means of said ditch and the waters thereby appropriated. The complaint further charges that, long after the appropriation of said waters by the plaintiffs, the defendants, well knowing the rights of the plaintiffs in the premises, and well knowing that said plaintiffs, by virtue of prior appropriation had become entitled to the use of said waters, and in violation of their rights proceeded to erect dams across said creek, above the head of plaintiffs' ditch, and to construct ditches and turn out and divert the waters of said stream, thereby wholly depriving the plaintiffs of the use and enjoyment of the same, to their great and irreparable damage and injury, and thereby rendering the ranches of the plaintiffs worthless for the purposes of cultivation. The prayer of the complaint is for a perpetual injunction to restrain and enjoin the defendants from the use of the waters of said stream to the injury or damage of the plaintiffs.

The answer of the defendants admits that the plaintiffs have ranches on the Missouri river bottom as averred in the complaint, but specifically denies each and every other material allegation of the complaint, and charges that plaintiffs have no rights to the waters of said stream as against the defendants, and that the acts of the defendants have in no manner injured or damaged the plaintiffs or their ranches.

The foregoing statement of the case is sufficient for our present purpose, and it will be seen that the cause is a bill in chancery wherein equitable relief is demanded, and the form of proceedings in chancery practice, as distinguished from actions at law, is properly applicable to the case, and the present inquiry involves the question whether this case was tried as an action at law or as a suit in equity.

By the record it appears that the trial took place at the· May term, 1871, of the district court of Meagher county, and that upon the trial certain questions were submitted by the court to a jury to answer, which they did, and the questions and answers were filed with the papers in the case.

Afterward, at the July term, 1871, of the district court of Lewis and Clarke county, the cause came on to be heard upon plaintiff's motion for judgment and decree against the defendants, and in favor of the plaintiffs, the cause having been removed to that court by agreement of the parties for that purpose. This motion having been fully argued by counsel for both plaintiffs and defendants, and the cause finally submitted to the court for judgment and decree, upon the *pleadings, evidence* and *proceedings* in the case, the *court find :* That, as against the plaintiffs, the defendant, J. V. Stafford, is entitled to the right to the use and enjoyment of such an amount of the waters of Avalanche creek, mentioned in the plaintiffs' complaint, to be taken from said creek at the head of defendants' ditch, as would amount to thirty-five inches at the head of plaintiffs' ditch, and that such right is clearly established, and that as against the defendants in this action, saving the above amount of the waters of said creek, the plaintiffs in this action are clearly entitled to the full and free use, occupation and enjoyment of two hundred and fifteen inches, miner's measure, of the waters of said creek, to be taken therefrom at the point where their said ditch taps said creek, as described in said complaint, and that said plaintiffs have an indisputable right as against the defendants, to have said amount of the waters of said creek at all times to flow down the same to the head of said ditch,

and that defendants, previous to the commencement of this action, *had diverted* said waters from said plaintiffs' ditch.

It will be observed that the foregoing findings of the court are based upon the *pleadings, evidence* and *proceedings* in the case, as fully appears from the decree.

These findings and this decree emanate entirely from the court, and speak the convictions of the court upon the evidence in the case, uncontroverted by any other consideration.

A comparison of the findings of the court as contained in the decree, with the answers to the questions submitted to the jury, will conclusively disclose the fact that the court disregarded certain findings of the jury, and that the court alone is responsible for the decree and the findings thereof.

We are, therefore, of opinion, that the objection of defendants that the case was tried as an action at law, when it should have been tried as a suit in equity is not well taken.

Now for the purpose of settling, so far as is possible, the vexed question as to the right, under our code of civil procedure, of blending in one proceeding actions at law and suits in equity; and, as particularly applicable to the case under consideration, we say: That under and by virtue of the act organizing this territory, the supreme and district courts are clothed with chancery as well as common-law jurisdiction, and in the exercise of the authority thus conferred, the forms of proceedings must conform to the well-known and recognized distinctions pertaining to said jurisdictions, as limited by law, that is to say: causes in equity, wherein equitable relief is demanded, or where an equitable defense is made to a claim at law, must be tried as in a court of chancery, and the decree must proceed from the judge sitting as a chancellor, and it would be error in the class of cases described to try them as at law to a jury: that it is competent to limit and control by statute, the forms of proceedings in actions at law and suits in equity, but that no statute and no law of our legislature can, in any manner, destroy or blend together these separate and distinct jurisdictions; that our organic act recognizes a distinction between suits in equity

and actions at law, and that the substance of this distinction must be preserved, although the forms of proceedings may be prescribed and limited by law, and that the civil code may be followed in equity causes, so far as the same is applicable, but that care must be taken to preserve the distinguishing features of a suit in chancery.

The organic act provides that "the supreme and district courts shall possess chancery as well as common-law jurisdiction." It further provides: "The jurisdiction of the several courts herein provided for, both appellate and original, and that of the probate courts and justices of the peace, shall be as *limited* by *law*."

The meaning of the phrase "as limited by law," is, that the mode and manner of proceedings may be controlled and governed by law, but this does not at all impair the declaration, that the courts shall possess chancery as well as common-law jurisdiction, and these separate and distinct jurisdictions being thus conferred, they cannot, by any action of the legislature be blended together, but must be kept and preserved inviolate.

The suit under consideration was a bill in chancery, wherein the equitable jurisdiction of the court was properly invoked, and the record herein clearly shows that it was tried to the court sitting as a chancellor, and that the decree emanates from the chancellor, and that the questions submitted to the jury were to aid the conscience of the court, but not to control it, as fully appears from the fact, that while the jury answered that as against the plaintiffs, the defendants had not diverted or appropriated the waters of the stream to the injury or damage of the plaintiffs, the court found precisely to the contrary; that the defendants had diverted and appropriated said waters, to the damage and injury of the plaintiffs, and base a decree for a perpetual injunction upon this fact.

The judgment and decree of the court below is affirmed.

*Judgment affirmed.*