DAVIDSON, APPELLANT, *v.* DAVIDSON, RESPONDENT.

(No. 3,672.)

(Submitted May 17, 1916.  Decided June 19, 1916.)

[158 Pac. 680.]

*Divorce—Jury Trial—Constitution.*

Jury Trial—Constitution.
  1.  Under section 23, Article III, of the state Constitution, the right of trial by jury is preserved as it existed at the time the Constitution was adopted.
Same—Divorce Suit.
  2.  *Held,* under the rule above, that since the right to a trial of a contested divorce suit did not exist at the time the Constitution was adopted, a party to such a suit may not now demand, as a matter of right, a jury trial of the issues raised by the pleadings.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

DIVORCE suit by Minnie Isabel Davidson against James Davidson, in which defendant filed a cross-bill.  From a judgment denying relief to either party plaintiff appeals.  Affirmed.

*Messrs. Jesse B. Roote* and *H. C. Hopkins,* for Appellant, submitted a brief; *Mr. Hopkins* argued the cause orally.

The right of trial by jury existed at the time of the adoption of the Constitution.  It cannot become obsolete, for it is made perpetual by the Constitution.  (*Kleinschmidt* v. *Dunphy,* 1 Mont. 118; *Cunningham* v. *Northwestern Imp. Co.,* 44 Mont. 180, 119 Pac. 554; *State* v. *Sengstacken,* 61 Or. 455, Ann. Cas. 1914B, 230, 122 Pac. 292; *State ex rel. West* v. *Cobb,* 24 Okl. 662, 24 L. R. A. (n. s.) 639, 104 Pac. 361; *Baker* v. *Newton,* 112 Pac. 1034; *Ex parte Dagley,* 35 Okl. 180, 44 L. R. A. (n. s.) 389, 128 Pac. 699; *In re Byrd,* 31 Okl. 549, 122 Pac. 516; *Mead* v. *Walker,* 17 Wis. 189; *Lee* v. *Tillotson,* 24 Wend. (N. Y.) 337, 35 Am. Dec. 624; *State* v. *Doherty,* 16 Wash. 382, 58 Am. St. Rep. 39, 47 Pac. 958; *Wheeler* v. *Caldwell,* 68 Kan. 776, 75 Pac. 1031.)

*Messrs. Canning & Geagan,* and *Mr. E. P. Kelly,* for Respondent, submitted a brief; *Mr. Patrick E. Geagan* argued the cause orally.

When Article III, section 23 of the state Constitution provides, that "the right of trial by jury shall be secured to all, and remain inviolate," it refers to the right as it existed under the common law, and not to suits in equity. (*Consolidated Gold & S. Min. Co.* v. *Struthers,* 41 Mont. 565, 111 Pac. 152; *Cassidy* v. *Sullivan,* 64 Cal. 266, 28 Pac. 234.) Actions for divorce are actions in equity (*Bordeaux* v. *Bordeaux,* 43 Mont. 102, 115 Pac. 25; *Beck* v. *Beck,* 6 Mont. 318, 12 Pac. 694; *Leggat* v. *Leggat,* 13 Mont. 190, 33 Pac. 5; *Edgerton* v. *Edgerton,* 12 Mont. 122, 33 Am. St. Rep. 557, 16 L. R. A. 94, 29 Pac. 966); hence the rules governing equity actions must be applied by the trial courts. It is not necessary to call a jury in an equity case, in order to correctly determine the issues and dispose of the case. (*Basey* v. *Gallagher,* 20 Wall. (87 U. S.) 670, 22 L. Ed. 452; *Idaho & Oregon Land Imp. Co.* v. *Bradbury,* 132 U. S. 509, 33 L. Ed. 433, 10 Sup. Ct. Rep. 177.)

If called in an equity case, the jury sits in an advisory capacity only, and the chancellor is at liberty to disregard its findings or conclusions and make findings and conclusions of his own. He is responsible for the decree or judgment. (*Power* v. *Lenoir,* 22 Mont. 169, 56 Pac. 106; *Beck* v. *Beck, Leggat* v. *Leggat, Bordeaux* v. *Bordeaux, supra.*)

So that, if the judge believes that he will not accept the advice of a jury, but will be governed entirely by his own judgment, it is an idle act for him to call a jury. And the law does not at any time require the doing of an idle act.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is a suit for divorce on the ground of extreme cruelty. The defendant appeared and denied the charges contained in the complaint, and presented a cross-bill the allegations of which were put in issue by reply. When the cause was called

for trial, plaintiff requested that a jury be impaneled to determine the issues raised by the pleadings, but the request was denied, and this ruling is the only alleged error presented upon the appeal from the judgment which denied relief to either party.

Section 23, Article III, of the state Constitution provides:
[1] "The right of trial by jury shall be secured to all and remain inviolate." This language was not intended to contract or expand the right, but to preserve it as it existed when the Constitution was adopted. (*Consolidated G. & S. Min. Co.* v. *Struthers*, 41 Mont. 565, 111 Pac. 152.) If on November 8,
[2] 1889, a party to a contested suit for divorce could, as a matter of right, demand a jury trial of the issue raised upon the charges contained in the complaint, the right was perpetuated by the provision of the Constitution quoted above. (*Cunningham* v. *Northwestern Imp. Co.*, 44 Mont. 180, 119 Pac. 554.) To establish the existence of that right, appellant invokes the provisions of sections 1000 and 1003, Division 5, Compiled Statutes of 1887, as follows:

"Sec. 1000. The district court, sitting as a court of chancery, shall have jurisdiction in all cases of divorce and alimony by this chapter allowed, and the like process, practice, and proceeding shall be had as they are usually had in other cases in chancery, except as hereinafter provided."

"Sec. 1003. In all cases of divorce, when the defendant shall appear and deny the charges alleged in the complainant's bill, the same shall be tried by a jury."

These statutes were not new in the legislative history of the territory when the constitutional convention assembled. They are, respectively, sections 2 and 5 of "An Act concerning divorce and alimony," passed by the First Territorial Legislative Assembly and approved February 7, 1865. (Bannack Statutes, p. 430.) They were carried forward through the several compilations, retaining whatever vitality they ever had, until repealed by the Codes in 1895.

Bearing in mind that anciently matters of divorce were cognizable only in ecclesiastical courts and were unknown to chancery, it is quite apparent that the legislature had in mind a double purpose to subserve: To confer upon the courts of equity, jurisdiction not theretofore enjoyed by them; and to regulate in a measure the practice and procedure which should obtain in those courts with reference to the newly acquired jurisdiction. While a jury was to be called in the instance mentioned to determine the issue "cause for divorce" or "no cause for divorce," the court retained its character as a court of chancery, and in every other respect was compelled to proceed according to the well-established rules of equity practice.

In *Black* v. *Black*, 5 Mont. 15, 2 Pac. 317, these statutes were first called to the attention of this court. The facts presented by that case brought it clearly within the class of cases to which section 1003 referred. Judge Conger, distinguished for his learning and ability, presided in the trial court, called a jury to whom he submitted special interrogatories, and upon the findings returned, supplemented by findings made by himself, he rendered a decree dissolving the bonds of matrimony and awarding to the plaintiff custody of the minor child, alimony, expense money and counsel fees. On appeal, this court referred to the sections now under consideration, but practically without comment. A slight modification of the decree, with reference to interest, was made, but the practice pursued in the trial court was apparently approved. The case is instructive only in so far as it indicates that the practice in the territory, for the twenty years succeeding the first enactment of these provisions, followed the recognized rules in courts of chancery. But, if any doubt whatever remained as to the view entertained by the highest court of the territory as to the proper practice to be pursued, notwithstanding the language of section 1003, that doubt was removed in *Beck* v. *Beck*, 6 Mont. 318, 12 Pac. 694. The opinion was by Chief Justice Wade who delivered the opinion in the *Black Case*. Speaking for the court, he said: "This is an action for divorce. There was a trial before a jury

and a general verdict in favor of plaintiff. The defendant thereupon made a motion for a judgment in his favor, notwithstanding the verdict for plaintiff, and this motion was granted. The appeal is from the judgment, and there is no evidence in the record. Divorce cases are of chancery jurisdiction (Rev. Stats., sec. 508), and in such cases the decree must proceed from the chancellor. Verdicts or special findings are merely advisory, and may be approved or disregarded as the conscience of the chancellor may demand."

Whatever, if any, criticism may be made of the decision in *Beck* v. *Beck*, this much is to be said of it: It established the law of the territory respecting the procedure in contested divorce cases. Thereafter section 1003 was to be understood as conferring no new right, but as merely crystallizing in statutory form the ancient rules of equity: that a jury cannot be demanded as a matter of right; that the findings of a jury are only advisory and may be set aside at the will of the chancellor. This case was decided more than two years before the constitutional convention assembled, and we must therefore indulge the presumption that the members, in framing section 23 of Article III, employed the terms advisedly and with reference to the law as declared by the highest court of the territory.

The supreme court of this state, perhaps unwittingly affirmed the territorial court in *Beck* v. *Beck,* though without specific reference to that case. In *Montana Ore Purchasing Co.* v. *Boston & Mont. etc. Min. Co.,* 27 Mont. 536, 71 Pac. 1005, this court declared that the right of trial by jury, secured by the Seventh Amendment to the Constitution of the United States, is the right as it existed at common law, and that "the right of trial by jury under the territorial government was exactly the same as that guaranteed by this amendment—no greater, no less."

There is some additional evidence that the territorial legislature did not intend to invade the province of the courts of equity and compel the submission of disputed questions of fact, arising therein, to the arbitrament of jury trials. Sec-

tion 155 of the Civil Practice Act, approved December 23, 1867, provided: "An issue of fact shall be tried by a jury, unless a jury trial is waived or a reference be ordered as provided in this Act." (Laws 1867, p. 163.) In *Kleinschmidt* v. *Dunphy,* 1 Mont. 118, the territorial court held that the provision above was applicable to a suit in equity, but, on appeal to the supreme court of the United States, that decision was reversed. The court said: "The case, being a chancery case and being instituted as such, should have been tried as a chancery case by the modes of proceeding known to courts of equity. In those courts, the judge or chancellor is responsible for the decree. If he refers any questions of fact to a jury, as he may do by a feigned issue, he is still to be satisfied in his own conscience that the finding is correct, and the decree must be made as the result of his own judgment, aided, it is true, by the finding of the jury." (*Dunphy* v. *Kleinschmidt,* 11 Wall. (U. S.) 610, 20 L. Ed. 223.)

Section 241 of the Code of Civil Procedure enacted in 1877 (Laws 1877, p. 98) and carried forward as section 250, Code of Civil Procedure, Compiled Statutes of 1887, provided, among other things: "In all cases, issues of fact must be tried by a jury (except in actions which involve the settlement of accounts between parties), unless a jury shall be waived by the parties." Although specific reference to this statute was not made by the territorial court in *Gallagher* v. *Basey,* 1 Mont. 457, on appeal to the supreme court of the United States, the court did refer to it and said: "This discretion to disregard the findings of the jury may undoubtedly be qualified by statute; but we do not find anything in the statute of Montana, regulating proceedings in civil cases, which affects this discretion. That statute [section 250 above] is substantially a copy of the statute of California as it existed in 1851, and, it was frequently held, by the supreme court of that state, that the provision in that Act requiring issues of fact to be tried by a jury, unless a jury was waived by the parties, did not require the court below to regard as conclusive the findings of a jury in an equity case, even though no application to vacate

the findings was made by the parties, if in his judgment they were not supported by the evidence." (*Basey* v. *Gallagher,* 20 Wall. (U. S.) 670, 22 L. Ed. 452.) The supreme court of the United States did not treat either of these statutes as conferring a *right* to a jury trial in an equity case, though their terms were sufficiently broad to include every civil action, whether at law or in equity.

Since the right to a trial by jury of a contested divorce suit did not exist at the time the state Constitution was adopted, the guaranty contained in section 23, Article III, does not refer to such a right.

The judgment is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.

