CLARK, APPELLANT, *v.* CLARK, RESPONDENT.

(No. 4,866.)

(Submitted September 25, 1922.   Decided October 16, 1922.)

[210 Pac. 93.]

*Divorce—Equity—Judgments and Decrees—Setting Aside for Fraud—Rule.*

Equity—Judgments and Decrees—Setting Aside for Fraud—Rule.
   1.   The power of a court of equity to grant relief from a judgment at law or a decree in equity obtained by fraud, when attacked by motion in the case or by separate suit, is inherent, but the acts for which either may be set aside or annulled have reference only to fraud which is extrinsic or collateral to the matter tried by the court, and not to fraud in the matter on which it was rendered.

[64 Mont. 386.]

Same—Rule Applies to Decrees for Divorce.

2. The rule that a court of equity may set aside a judgment or decree as above stated applies to a decree in a divorce action to the same extent as to any other judgment or decree.

Same—Setting Aside Judgment or Decree for Fraud—Fraud Defined.

3. The fraud for which a judgment or decree may be set aside is extrinsic or collateral to the matter tried by the court when the effect of it was to prevent the unsuccessful party from having a trial or from presenting his case fully, as where he was kept away from court by a false promise of compromise, or where he was purposely kept in ignorance of the pendency of the action, *etc.*

Divorce—Allegation and Proof of Residence of Plaintiff Indispensable.

4. In a divorce action the allegation in the complaint that plaintiff was at the time of its commencement and had been for at least one year prior thereto a resident of the state is indispensalbe, as is also proof satisfactory to the court showing that fact.

Same—Setting Aside of Decree for Fraud—When Improper.

5. Where in a divorce action the complaint contained the necessary allegation of plaintiff's residence within the state and the court had regularly obtained jurisdiction of the subject matter and the parties, and defendant made no appearance but allowed decree by default to be entered against her, she was in no position to attack the decree for fraud on the ground that the allegation in the complaint that plaintiff had been a resident of the state for the time required by section 5766, Revised Codes of 1921, was false, such fraud not having been extrinsic or collateral to the matter tried by the court as above defined. (Paragraph 3.)

*Appeal from District Court, Silver Bow County; W. E. Carroll, Judge.*

ACTION by H. W. Clark against Myrtle Clark. From an order granting a motion of the defendant to set aside a decree of divorce, plaintiff appeals. Reversed.

*Mr. Joseph H. Griffin* and *Mr. Edwin M. Lamb,* for Appellant, submitted a brief; *Mr. Lamb* argued the cause orally.

Citing: *Thomason* v. *Thompson,* 129 Ga. 440, 26 L. R. A. (n. s.) 536, 59 S. E. 236; *Pico* v. *Cohn,* 91 Cal. 129, 25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537; *Graves* v. *Graves,* 132 Iowa, 199, 10 Ann. Cas. 1104, 10 L. R. A. (n. s.) 216, 109 N. W. 707; *United States* v. *Throck-*

2. Power of court to revoke decree of divorce for fraud, see note in 18 Ann. Cas. 1002.

Perjury committed in obtaining divorce as grounds for relief, see note in L. R. A. 1917B, 429.

4. Necessity of alleging jurisdictional residence in divorce proceeding, see notes in 12 Ann. Cas. 1092; 12 L. R. A. (N. S.) 1197.

[64 Mont. 386.]

*morton,* 98 U. S. 61, 25 L. Ed. 93 [see, also, Rose's U. S. Notes] ; *Bechtel* v. *Bechtel,* 101 Minn. 511, 12 L. R. A. (n. s.) 1100, 112 N. W. 883; *Watkinson* v. *Watkinson,* 68 N. J. Eq. 632, 6 Ann. Cas. 326, 69 L. R. A. 397, 60 Atl. 931; *Faulkner* v. *Faulkner,* 90 Wash. 74, 155 Pac. 404; *Edson* v. *Edson,* 108 Mass. 590, 11 Am. Rep. 393.

*Messrs. Binnard & Rodger,* for Respondent, submitted a brief; *Mr. Joseph Binnard* argued the cause orally.

Citing: *Williamson* v. *Williamson,* 179 Iowa, 489, 161 N. W. 482; *Belknap* v. *Belknap,* 154 Iowa, 213, 134 N. W. 734; *Vanness* v. *Vanness,* 128 Ark. 543, 194 S. W. 498.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In October, 1920, an action for divorce was instituted in the district court of Silver Bow county by H. W. Clark against Myrtle Clark. In his complaint plaintiff alleged that he was then, and for two years continuously prior thereto had been, a resident of Montana, and that allegation was followed by a recital of facts constituting the grounds for divorce. At the time the action was commenced the defendant was a resident of Salt Lake City, Utah, and service was made by publication and by mailing a copy of the complaint and a copy of the summons to her. She failed to appear within the time allowed by law, and on December 4 her default was entered and evidence was taken by the court (Judge Jackson presiding), from which it was found "that all of the material allegations of said complaint are true, and that plaintiff is entitled to the relief prayed for." On the same day a decree of divorce in favor of the plaintiff was rendered and entered. Thereafter plaintiff remarried. On February 3, 1921, the defendant moved the court to set aside the decree upon the ground alone that the allegation in the complaint to the effect that plaintiff was, and for two years prior to October 20, 1920, had been, a resident of Montana, was false, as was the testimony given by him in support of that allegation. The motion was made

upon the affidavit of defendant and the affidavits of three other persons, all tending to prove that plaintiff never had been a resident of this state. Before the motion was heard, the proceeding was transferred to department No. 2, presided over by Judge Carroll. Timely objections were made by the plaintiff to the hearing and to the evidence offered by the defendant, but these objections were overruled. At the conclusion of the hearing the court (Judge Carroll presiding) annulled and set aside the decree, and plaintiff has appealed from the order.

Waiving aside the question whether the evidence heard upon the motion does not preponderate in favor of plaintiff's contention that at the time the divorce action was commenced he was, and for more than a year prior thereto had been, a resident of this state, and assuming, for the purpose of this appeal only, that the allegation relating to residence was untrue, and that plaintiff's testimony in support of it was false, and we are face to face with the fundamental question for solution, namely: May a court of this state, in a proceeding other than upon motion for a new trial, set aside a judgment upon the sole ground that an allegation in the complaint necessary to support the judgment was proved by false testimony? The question is not a new one, not even in this jurisdiction. It has been answered by the courts over and over again, and reference to a few of the leading authorities will suffice for a statement of the general rule and the reason which prompts it.

The power of a court of equity to grant relief from a judg-
[1]  ment obtained by fraud is inherent, and the rule relates to decrees in equity as well as to judgments at law (15 R. C. L. 760, 761), but not every fraud committed in the course of a judicial determination will furnish ground for such relief. The acts for which a judgment or decree may be set aside or annulled have reference only to fraud which is extrinsic or collateral to the matter tried by the court, and not to fraud in the matter on which the judgment was rendered. (15 R. C. L. 762.) In 2 Freeman on Judgments, section 489, the rule is stated as follows: "It must be borne in mind that it

[64 Mont. 386.]

is not fraud in the cause of action, but fraud in its management, which entitles a party to relief. The fraud for which a judgment may be vacated or enjoined in equity must be in the procurement of the judgment. If the cause of action is vitiated by fraud, this *is* a defense which must be interposed, and, unless its interposition is prevented by fraud, it cannot be asserted against the judgment; 'for judgments are impeachable for those frauds only which are extrinsic to the merits of the case, and by which the court has been imposed upon or misled into a false judgment. They are not impeachable for frauds relating to the merits between the parties.' "

In *United States* v. *Throckmorton*, 98 U. S. 61, 25 L. Ed. 93 [see, also, Rose's U. S. Notes], the court, after reviewing the authorities at length, concludes as follows: "We think these decisions establish the doctrine on which we decide the present case, namely, that the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral to the matter tried by the court, and not to a fraud in the matter on which the decree was rendered. That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterward ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

The case of *Kennedy* v. *Dickie*, 34 Mont. 205, 85 Pac. 982, went to trial in the district court upon the equitable counterclaim by Dickie and plaintiff's reply thereto. The object of the counterclaim was to have Kennedy declared a trustee of the lands in controversy for the benefit of defendant, upon the ground that Kennedy had obtained the prior right to enter the land and the patent which followed upon false testimony presented to the land department. On appeal this court held that cases arising out of controversies over public

lands and involving the validity of determinations of the officers of the land department are governed by the principles applicable to ordinary suits in equity brought to set aside judgments obtained by fraud. In announcing the rule applicable, this court said: "It is also as well settled by the adjudicated cases and text-writers that the fraud in respect to which relief will be granted in any case must have been practiced upon the unsuccessful party, with the result that he has been prevented from fully and fairly presenting his case for consideration. In short, the situation in the case must have been such that there has never been a decision in a real contest over the matter in controversy. The fraud must have been extrinsic and collateral to the matter tried by the department, and not in a matter tried upon its merits and upon which the decision was rendered." To the same effect are: *Pico* v. *Cohn,* 91 Cal. 129, 25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537; *Kretschmar* v. *Ruprecht,* 230 Ill. 492, 82 N. E. 836; *Steele* v. *Culver,* 157 Mich. 344, 23 L. R. A. (n. s.) 564, 122 N. W. 95; *Zounich* v. *Anderson* (Idaho), 208 Pac. 402.

The rule applies to a decree in a divorce action to the [2] same extent, at least, as to any other judgment or decree. (*State ex rel. Happel* v. *District Court,* 38 Mont. 166, 129 Am. St. Rep. 636, 35 L. R. A. (n. s.) 1098, 99 Pac. 291; *Zeitlin* v. *Zeitlin,* 202 Mass. 205, 132 Am. St. Rep. 490, 23 L. R. A. (n. s.) 569, 88 N. E. 762; *Reeves* v. *Reeves,* 24 S. D. 435, 25 L. R. A. (n. s.) 574, 123 N. W. 869; *Blair* v. *Blair,* 96 Kan. 757, 153 Pac. 544; *Orr* v. *Orr* 75 Or. 137, 144 Pac. 753, 146 Pac. 964; *Lieber* v. *Lieber,* 239 Mo. 1, 143 S. W. 458; 1 Black on Judgments, sec. 320; 19 C. J. 167.)

In 2 Bishop on Marriage, Divorce and Separation, section 1533, it is said: "There are excellent reasons why judgments in matrimonial causes, whether of nullity, dissolution, or separation, should be more stable, certainly not less, than in others, and so our courts hold. The matrimonial status of the parties draws with and after it so many collateral rights and interests of third persons, that uncertainty and fluctuation in it would be

greatly detrimental to the public. And particularly to an innocent person who has contracted a marriage on faith of the decree of the court, the calamity of having it reversed, and the marriage made void, is past estimation. These considerations have great weight with the courts, added whereto there are statutes in some of the states according a special inviolability to such judgments.''

The authorities are quite uniform in holding that these rules apply equally whether the judgment is attacked by motion made in the case or by a separate suit.

What, then, is meant by the expression ''fraud which is [3] extrinsic or collateral to the matter tried by the court?'' It is extrinsic or collateral within the meaning of the rule, when the effect of it is to prevent the unsuccessful party from having a trial or from presenting his case fully, as, for instance, keeping him away from court by false promise of compromise, or purposely keeping him in ignorance of the pendency of the action, or where an attorney fraudulently pretends to represent a party and connives at his defeat, or, being regularly employed, sells out his client's interest (15 R. C. L. 763), or where a party residing without the jurisdiction of the court is induced by false pretenses or representations to come within the jurisdiction for the sole purpose of getting personal services of process upon him, or where, through the instrumentality of the successful party, the witnesses of his adversary are forcibly or illegally detained from court or bribed to disobey the subpoena served upon them, or where a judgment is obtained in violation of an agreement between the parties. (1 Bigelow on Frauds, Chap. 6, sec. 2.)

The allegation that at the time the action was commenced [4] plaintiff was, and for at least one year prior thereto had been, a resident of this state, was indispensable to the statement of a cause of action for divorce (sec. 3674, Rev. Codes 1907 [sec. 5766, Rev. Codes 1821]; *Rumping* v. *Rumping*, 36 Mont. 39, 12 Ann. Cas. 1090, 12 L. R. A. (n. s.) 1197, 91 Pac. 1057); and it was equally indispensable that plaintiff

[64 Mont. 386.]

prove that allegation to the satisfaction of the court which heard the divorce case.   Section 5767, Revised Codes of 1921, provides: "No divorce can be granted upon the default of the defendant alone, but the cause must be heard in open court, and the court must require proof of all the facts alleged."

The sufficiency of the complaint is not attacked; neither is [5] there any contention made that the proceeding to obtain jurisdiction of the defendant was not in strict accord with the statute, and defendant does not suggest that she did not receive the copy of the complaint and the copy of the summons in ample time to make defense.   Indeed, she does not suggest that she has or ever had any defense upon the merits.   Assuming that she had notice of the pendency of the action, that is to say, that the letter containing the copy of the summons and copy of the complaint was received by her (sec. 10606, subd. 24, Rev. Codes 1921), she was made aware of the fact that plaintiff was claiming the necessary residence in this state, and if that allegation of his complaint was not true, she knew that he could obtain a decree of divorce only by false testimony; hence the obligation devolved upon her to appear in the action and contest the truth of the testimony concerning that fact, and, having failed to do so, she was thereafter precluded from raising the question either by motion or by a separate suit to set aside the decree.   She had the opportunity to appear at the trial, and her position now is not different from what it would have been if she had appeared and had presented the same evidence *ore tenus* which she presents upon the motion by affidavit and the court had nevertheless accepted plaintiff's testimony as true and rendered the same decree which was rendered.

When plaintiff filed in the district court of Silver Bow county his complaint, stating a cause of action for divorce, including the necessary allegation respecting residence, the court acquired jurisdiction of the subject matter and of the plaintiff, and when the statutory proceedings for substituted service of process were observed, it obtained jurisdiction of

the defendant, and was then authorized to hear the cause (15 C. J. 797) and render a decree in plaintiff's favor if sufficient evidence was introduced to prove the essential averments of the complaint. Since the court recited that evidence was heard from which it appeared "that all of the material allegations of said complaint are true, and that plaintiff is entitled to the relief prayed for," that recital must be accepted as conclusive so far as this proceeding is concerned.

Counsel for defendant cite and rely upon the decision in *Williamson* v. *Williamson,* 179 Iowa, 489, 161 N. W. 482, but so much of the opinion as supports their theory is *obiter dictum,* is contrary to the authorities generally, and is clearly wrong.

The order vacating the decree is reversed.

*Reversed.*

ASSOCIATE JUSTICES FARR, COOPER and GALEN concur.

Rehearing denied October 27, 1922.