MINTER ET AL., APPELLANTS, v. MINTER ET AL., RESPONDENTS.

(No. 7,572.)

(Submitted September 25, 1936. Decided November 5, 1936.)

[62 Pac. (2d) 283.]

220

*Messrs. Molumby, Busha & Greenan* and *Mr. H. R. Eicke-meyer,* for Appellants, submitted a brief; *Mr. Philip G. Greenan* argued the cause orally.

222

*Mr. D. A. Prior* and *Mr. G. G. Harris,* for Respondents, submitted a brief; *Mr. Harris* argued the cause orally.

MR. JUSTICE STEWART delivered the opinion of the court.

This is an action commenced in the district court of Cascade county to set aside the probate of a will. Plaintiffs Alfred G. Minter and others, as heirs of Christina G. Minter, deceased, instituted the action against defendants William G. Minter and others, beneficiaries named in the will of Christina G. Minter, and William G. Minter as executor of the estate.

By their complaint plaintiffs sought the intervention of equity to restrain defendants from taking under the will and to have the order admitting the will to probate set aside. A demurrer to the complaint was sustained by the district court and, upon plaintiffs' refusal to plead further, judgment was entered dismissing the action. From that judgment plaintiffs have appealed.

The case comes to this court upon the pleadings. The decisive question presented is whether the court erred in sustaining the demurrer.

It is alleged that plaintiffs are heirs of Christina G. Minter; that on September 1, 1933, defendants through D. A. Prior, their attorney, offered the will of Christina G. Minter, deceased, for probate; that the will appeared to be in regular form; that it contained the ordinary formal attestation clause declaring that the will was signed by testatrix in the presence of the witnesses, and declared by her to be her last will and testament; and that the witnesses at the request of the testatrix, and in her presence and in the .presence of each other, subscribed their names as witnesses. The complaint alleges that D. A. Prior and one W. F. Faust were the witnesses to the will; that they signed the attestation clause as such; that the attestation clause was false because the testatrix did not in fact sign the will in the presence of both witnesses; that she

did not acknowledge or declare it to be her last will and testament in the presence of two witnesses; that the witnesses did not sign in the testatrix's presence and in the presence of each other, but that in fact the will was signed in the presence of only one witness (Prior); and that, if the acknowledgment was ever made to the witness Faust, it was made at a time when Prior was not present. It is alleged that all these facts were known to defendants at all times subsequent to the execution of the will; that, notwithstanding that knowledge, defendants offered the will for probate, thereby representing that the facts stated in the attestation clause were true; that in the probate proceeding only the witness Prior was called to testify concerning the execution of the will; that this was done in order to conceal from the court the true facts concerning its execution; and that Faust was not called as a witness in the course of the probate, because defendants knew that he would testify to the true facts concerning the execution.

The complaint then alleges that all of the enumerated acts and omissions of defendants were with the intent that plaintiffs would rely upon the statements contained in the attestation clause, and by virtue thereof believe that the will was properly executed; that plaintiffs did have knowledge of the recitation in the attestation clause prior to the hearing in the probate proceeding; that they believed and relied upon those recitations, and for that reason did not appear at the hearing or object to the probate of the will; and that, solely because of the false recitations in the attestation clause and the concealment of the true facts, the court made an order admitting the will to probate.

It is also alleged that prior to the death of testatrix one of the plaintiffs wrote to her, signifying his intention of visiting her; that this letter came into defendants' hands, and that they informed the writer of the letter by means of a forged letter purporting to be from testatrix that the proposed visit would be futile because testatrix was too ill to see anyone; that this was done for the purpose of preventing plaintiffs from learning the true facts concerning the execution of the

will; and for the same reason defendants failed to notify plaintiffs of the death of testatrix so that they could attend her funeral.

It is further alleged that on July 7, 1934, Alfred G. Minter, one of the plaintiffs herein, filed a petition to contest and revoke the probate of the will on the grounds that its execution had been procured by undue influence and that testatrix was not mentally competent; that no allegation was made in that proceeding that the will had not been properly executed, for the reason that the plaintiffs then believed and relied upon the representations appearing in the attestation clause; that at the hearing of the contest matter both Faust and Prior were called as witnesses, and from their testimony plaintiffs learned for the first time that the will had never been properly or legally executed; and that immediately upon learning this fact plaintiffs took the necessary steps to institute this action in equity to enjoin defendants from proceeding further under the will. It is also alleged that plaintiffs have no adequate remedy at law. The complaint concludes with a prayer that the order admitting the will to probate be set aside and declared null and void, and that defendants, who were proponents of the will, be restrained from further proceedings in accordance therewith.

The demurrer to the complaint asserted as grounds therefor that the complaint did not state facts sufficient to constitute a cause of action; that there was another action pending; that the court had no jurisdiction of the subject matter; and that the complaint was ambiguous, unintelligible and uncertain, in that it failed to set forth clearly and concisely the grounds for the assumption of jurisdiction by the court.

Plaintiffs in their brief have stated the questions involved here, as follows: "First. Has the court of equity jurisdiction to set aside probate orders? Second. Was the will executed in all particulars as required by law? Third. Was the will admitted to probate by extrinsic fraud? Fourth. Have appellants by their complaint shown that they are entitled to equitable relief?"

228

It will be noted that, although our statute (sec. 10042, Rev. ██ Codes) provides that an action to contest the probate of a will shall be begun within one year after the order admitting a will to probate, this action was not begun until after a year from that time. It is manifest, therefore, that the complaint was addressed to the equitable jurisdiction of the court. Defendants argue that a court of equity will not in any case set aside a judgment or order entered in a probate matter. This court has heretofore attempted to make plain that orders and decrees made by the district court sitting in probate occupy no different status than orders and judgments in other civil actions. (See *In re Baxter's Estate,* 101 Mont. 504, 54 Pac. (2d) 869; *Hoppin* v. *Long,* 74 Mont. 558, 241 Pac. 636, 638.)

Defendants also contend that in any event the allegations of the complaint are insufficient to invoke the jurisdiction of a court of equity, or to constitute a basis for equitable relief. This contention leads directly to the principal question involved.

It will be observed that the theory of the complaint is that plaintiffs are entitled to have the probate order set aside, because it was obtained by means of subterfuge and deception, or, more generally speaking, by fraud. There is no question of competency or undue influence. It is specifically alleged that those matters have already been disposed of. So we may confine our inquiry to the charges of fraud with relation to the attestation clause.

The charges of fraud contained in the allegations with reference to the forged letter indicating that testatrix was too ill to see or visit with plaintiffs are rather far-fetched and indefinite. There is no allegation or showing that such a visit would have enlightened plaintiffs in any manner concerning the alleged defects in the execution of the will. The same is true with respect to the charges about defendants' failure to notify plaintiffs of the death of testatrix so that they could attend her funeral.

The only material or substantial charge of fraud to be found in the complaint is that which appears in the allegations to the effect that the will was not properly executed, and that defendants, although fully aware of that fact, nevertheless proceeded to have the will admitted to probate, and in so doing represented that the will had been properly and legally executed. Are the facts, which for present purposes must be taken as true, sufficient to justify the court in setting aside the order admitting the will to probate?

It is well established that a court of equity has the power to grant relief from a judgment or decree obtained by extrinsic fraud. (*Clark* v. *Clark,* 64 Mont. 386, 210 Pac. 93, 94; *Hoppin* v. *Long,* supra; *Kennedy* v. *Dickie,* 34 Mont. 205, 85 Pac. 982; *Hall* v. *Hall,* 70 Mont. 460, 226 Pac. 469.) In *Clark* v. *Clark,* supra, it was said: ''The power of a court of equity to grant relief from a judgment obtained by fraud is inherent, and the rule relates to decrees in equity as well as to judgments at law (15 R. C. L. 760, 761), but not every fraud committed in the course of a judicial determination will furnish ground for such relief. The acts for which a judgment or decree may be set aside or annulled have reference only to fraud which is extrinsic or collateral to the matter tried by the court, and not to fraud in the matter on which the judgment was rendered.''

In the case of *United States* v. *Throckmorton,* 98 U. S. 61, 68, 25 L. Ed. 93, a leading case on this subject, it was said that ''the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered.'' (See, also, *Pico* v. *Cohn,* 91 Cal. 129, 25 Pac. 970, 27 Pac. 537, 25 Am. St. Rep. 159, 13 L. R. A. 336; *Scudder* v. *Evans,* 105 Neb. 292, 180 N. W. 254; *Eisenmayer* v. *Thompson,* 186 Cal. 538, 199 Pac. 798; *Peeters* v. *Schultz,* 300 Mo. 324, 254 S. W. 182.)

Plaintiffs contend that the allegations of their complaint show fraud of an extrinsic nature. They claim that, because of the alleged false representations contained in the attestation clause, they were prevented from having a hearing on the matter in the original probate proceeding, and that the procurement of the order admitting the will to probate without disclosing the falsity of the attestation clause was extrinsic fraud and an imposition upon the court. In other words, plaintiffs take the position that, if the order admitting the will to probate was obtained by a concealment of the true facts and by false testimony concerning the manner of the execution of the will, then the transaction may be classified as involving extrinsic fraud. Such a contention is not sustained by the authorities. The question of the proper execution of the will was directly in issue at the hearing on the petition for the admission of the will to probate. That was one of the essential issues to be determined by the court in the probate proceeding. It must be assumed that notices were given and that the parties were called into court. Jurisdiction was obtained. It is not claimed that the proponents of the will made representations of any kind, extrinsic or otherwise, directly to the plaintiffs. All they assert is that the pleading, as contained in the petition for probate, and the proof in support thereof were false; but both of these were intrinsic matters and were of the very warp and woof of the case itself. (See secs. 10028 and 10030, Rev. Codes.) As was said in the case of *Caldwell* v. *Taylor*, 218 Cal. 471, 23 Pac. (2d) 758, 760, 88 A. L. R. 1194: "A showing of fraud practiced in the trial of the original action will not suffice. The authorities hold this to be intrinsic fraud, and uniformly hold that since there must be an end to litigation, and the fraud was a part of the case presented in the former action, equity will not reopen the litigation." Again in the same case it was said: "The rule awarding equitable relief cannot be held to include such frauds as could have been relieved by the probate court itself by refusing probate, where the injured party

had actual notice of the probate proceedings in time to make his contest and was not prevented from so doing by some fraud of the other party.''

In the case of *Dixon* v. *Simpson*, 130 Or. 211, 279 Pac. 939, we find the following pertinent language: ''Public policy demands that there should be an end to litigation, and therefore the courts look with a jealous eye upon suits which have for their object the setting aside of a judgment at law. * * * Neither perjured testimony nor false or fraudulent allegations used in obtaining a judgment is a ground for equitable intervention in a suit to attack the judgment, unless the perjury or fraud was collateral to the questions examined and determined in the former proceeding. Here the same question is sought to be determined in a suit in equity that was apparently determined in an action at law.''

The alleged fraud pertains solely to a question determined by the court in the probate proceeding. According to the great weight of authority, as illustrated by the cases to which we have adverted, this at most is only intrinsic fraud. Therefore, in the absence of allegations in the complaint which may fairly be said to constitute a charge of extrinsic fraud, there is no ground for equitable intervention such as plaintiffs seek here. For that reason the court was correct in sustaining the demurrer to the complaint.

Because of the conclusion announced on the main question it is unnecessary for us to determine whether the will was or was not properly executed, or to discuss any of the other questions raised.

The judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, ANDERSON and MORRIS concur.

MR. CHIEF JUSTICE SANDS, absent on account of illness, did not hear the argument and takes no part in the above decision.

Rehearing denied November 20, 1936.