MOORE, RESPONDENT, *v.* CAPITOL GAS CORPORATION, APPELLANT, MUND, INTERVENOR AND APPELLANT

Nos. 8459, 8506

Submitted March 23, 1945. Decided March 27, 1945.

158 Pac. (2d) 302

Mr. Fred G. Huntington, of Billings, for appellant Capital Gas Corporation; Mr. W. B. Leavitt, of Miles City, for appellant Mund.

Mr. J. J. McIntosh, of Forsyth, and Mr. Al Hansen, of Baker, for respondent.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Both of these consolidated appeals arise from a single equity suit in Fallon county. Cause No. 8459 is defendant corporation's appeal from a judgment granting plaintiff recovery upon a promissory note, but refusing the foreclosure of a mortgage given as security. Cause No. 8506 is the appeal of a stockholder of defendant corporation from an order after judgment refusing jurisdiction over her motion to set aside the judgment and permit her to file a complaint in intervention on behalf of herself and others similarly situated.

The defendant's answer to the complaint alleged that its only interest in the mortgaged property was by reason of United States oil and gas prospecting permits issued by the Secretary of the Interior to various persons, operating agreements executed by them to the Atlantic Pacific Oil Company of Montana, and the latter's contract to convey to defendant the operating rights to the land in consideration of certain payments and defendant's agreement to drill fifteen gas wells on the land; that defendant defaulted by drilling fewer than fifteen wells, and the Atlantic Pacific Oil Company of Montana obtained judgment requiring defendant to quit claim all right, title and interest in the land. Other defenses were raised relative to the note and mortgage which are not here material. Defendant prayed judgment of dismissal and for the award to it of costs, attorney's fees, and ''such other and further

relief as may be just and equitable.'' The reply traversed the allegations as to the loss of the security.

Trial was had to the court without objection and it was stipulated at the close of the trial that findings, conclusions and judgment might be rendered by the trial judge in chambers in his own county. The judge found and concluded that the plaintiff was entitled to judgment on the note and to $2500 attorney's fees, but not to the foreclosure of the mortgage lien. Judgment was rendered accordingly.

Thereafter defendant moved the court to amend the judgment by awarding defendant judgment for its attorney's fees for the successful defense of the foreclosure issue. Sec. 9798, Revised Codes; Graham v. Superior Mines, 100 Mont. 427, 49 Pac. (2d) 443. This motion was granted by the award to defendant of $2500 attorney's fees. At the same time defendant moved that a paragraph be stricken from the judgment which awarded plaintiff recovery on the note and for attorney's fees and costs totalling $38,385, ''for the reason that the court was without power to include within its judgment denying foreclosure of the said mortgage a judgment for money based on the note and/or obligation which said mortgage was given to secure.'' This motion was denied and defendant has appealed from the judgment as modified by the other motion.

No appeal was taken from the order refusing to grant the second motion to amend the judgment. Therefore we are unable to consider whether the court erred in that respect. The only error as assigned against the judgment itself is ''the failure of the court to refer the issues raised by the denial of defendant of liability on the note to a jury upon having found that foreclosure must be denied as the property mortgaged had been lost to defendant long prior to the commencement of this action.''

In other words, defendant seeks to place the trial court in error upon a point not brought to its attention until after judgment and then only by a motion, from the order denying which no appeal has been taken. However we shall

consider the defendant's contentions which are that defendant, without its request, and in spite of its prayer for equitable relief and its acquiescence in the proceedings, should have been accorded a jury trial on the debt issue because of the provisions of section 23 of Article III of the Constitution of Montana that "the right of trial by jury shall be secured to all, and remain inviolate, but in all civil cases * * * upon default of appearance, or by consent of the parties expressed in such manner as the law may prescribe, a trial by jury may be waived"; and because the right was not waived in one of the modes provided by section 9365, Revised Codes, and held exclusive by this court in Chessman v. Hale, 31 Mont. 577, 79 Pac. 254, 68 L. R. A. 410, 3 Ann. Cas. 1038.

But it is also well settled that the constitutional provision ▉▉ did not grant or enlarge the right of jury trial but merely preserved it as it existed at the time the Constitution was adopted. State ex rel. Jackson v. Kennie, 24 Mont. 45, 60 Pac. 589; Davidson v. Davidson, 52 Mont. 441, 158 Pac. 680; Butler Bros. Development Co. v. Butler, 111 Mont. 329, 108 Pac. (2d) 1041, 1048. In the latter decision this court said: "It is also well established that a court of equity once having jurisdiction of a suit will retain jurisdiction of it for all purposes and dispose of all questions in the case even though this involves a determination of legal issues. 31 Am. Jur. 567; 19 Am. Jur. 125; 35 C. J. 162."

In Montana Ore Purchasing Co. v. Boston & Montana Consolidated Copper & Silver Min. Co., 27 Mont. 288, 70 Pac. 1114, 1121, this court said: "It may be stated, as a general proposition, that it is not an objection to the jurisdiction of a court in equity that legal questions are presented for consideration which might also arise in a court of law. If the controversy be one in which a court of equity only can afford the relief prayed for, its jurisdiction is unaffected by the questions involved. * * * If it took jurisdiction for any purpose, it took jurisdiction for all purposes, and determined all questions involved,

whether legal or equitable, and that, too, without the intervention of a jury, except at the discretion of the chancellor.''

In that decision it was pointed out that in various decisions prior to the adoption of the Constitution this court had adopted that rule. Gallagher v. Basey, 1 Mont. 457; Fabian v. Collins, 3 Mont. 215; Mantle v. Noyes, 5 Mont. 274, 5 Pac. 856. The principle having been well settled before the Constitution was adopted, and the constitutional provision merely continuing the right of jury trial as it then existed, defendant's contention cannot be sustained.

This action was brought for the collection of the note and the foreclosure of the mortgage. ''In a suit to foreclose a mortgage the court will ordinarily treat the case as a unity, and as one of exclusive equitable jurisdiction. It is settled, therefore, that the chancellor may determine the issue of indebtedness as one lying across the very threshold of his jurisdiction to decree a foreclosure.'' 1 Pomeroy's Equitable Jurisprudence, Fifth Ed., section 240. ''A suit to foreclose a mortgage was of purely chancery jurisdiction when our Constitution was adopted, and was a suit in which there was no right to a trial by jury. * * * 'Where a court of equity has obtained jurisdiction over some portion or feature of a controversy, it may, and will in general, proceed to decide the whole issues, and to award complete relief, although the rights of the parties are strictly legal, and the final remedy granted is of the kind which might be conferred by a court of law.' 1 Pom. Eq., section 231. * * * In order to determine whether the plaintiff was entitled to the relief sought, it was absolutely necessary to ascertain that there was a debt secured by the mortgage, for, if there was no debt, there was nothing upon which the power of the court could be exercised. It was not possible to make a step of progress in the decree without settling the question of the defendants' indebtedness.'' Carmichael v. Adams, 91 Ind. 526. The existence and the enforcibility of the lien required an adjudication by a court of equity, but before arriving at that question the court had first to de-

termine whether the debt existed; having determined that question it was not deprived of the power so to adjudge because it found also that the security had become lost and the mortgage lien unenforcible. In fact, as pointed out by Professor Pomeroy, an equity court will even proceed to award damages if necessary to afford relief, where the equitable relief sought cannot be granted. Section 237e. For instance, in Cincinnati & C. Traction Co. v. American Bridge Co., 6 Cir., 202 F. 184, 120 C. C. A. 398, upon a bill in equity to enforce a lien, the latter was held invalid, but as the question of its validity was doubtful and undetermined when suit was brought, the case was retained for the award of damages; and in Shultz v. Shively, 72 Or. 450, 143 Pac. 1115, a suit to foreclose a logger's lien, the court awarded damages against a defendant who had made it difficult or impossible to identify the logs to which the lien attached. In both of those cases the rights of the plaintiffs were purely legal and the final remedy was of a kind that might have been granted by a court of law.

Some cases can be found holding, or intimating, as defendant contends, but they seem to be based partly upon a confusion between an exclusive equity jurisdiction, and a merely concurrent equity jurisdiction. Pomeroy's Equity Jurisprudence, 5th Ed., sections 231, 232, ff. That is true of Chessman v. Hale, supra, upon which defendant relies. There the plaintiff sought two unrelated remedies; damages, which was a purely legal remedy, and an injunction, which was purely equitable. It was the presence of the latter which gave the equity court concurrent jurisdiction over the demand for an award of damages, which however was not a necessary prerequisite to the granting of an injunction. Here the consideration of plaintiff's right to a money judgment was not a separate matter; as noted above, it was a prerequisite to the equitable relief demanded. Moreover, here the resort to the equity court was not a subterfuge; both parties in good faith asked it to determine questions which only an equity court could determine—namely, whether the

mortgage was valid, and whether foreclosure of the lien could be had.

Here the court having, within its exclusive equity jurisdiction, determined that although the note was due and owing the lien could not be foreclosed because the security had been lost, there was nothing for the court to do but render judgment upon the note. The judgment must therefore be affirmed.

We next come to the question presented by the stockholder's appeal from the order "that the District Court of Fallon County, during the pendency of this cause on appeal to the Supreme Court of Montana, is without jurisdiction to either grant or deny" her motion to vacate the judgment and to permit her to intervene. The motion was not filed until after the district court had lost jurisdiction of the judgment by defendant's appeal to this court. "Whenever an appeal is perfected, * * * it stays all further proceedings in the court below upon the judgment or order appealed from." Section 9739, Revised Codes, Glavin v. Lane, 29 Mont. 228, 74 Pac. 406; State ex rel. O'Grady v. District Court, 61 Mont. 346, 202 Pac. 575; Stewart v. First National Bank & Trust Co., 93 Mont. 390, 18 Pac. (2d) 801.

As authority for her motion Mrs. Mund relies upon the remedial provision of section 9187, Revised Codes, which is as follows: "The court * * * may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken."

Since judgments can only be taken against a party to an action, the word "party" must be understood as ordinarily used in that connection. "Action" is defined by statute as "an ordinary proceeding in a court of justice by which one party prosecutes another (party) for the enforcement or pro-

156

tection of a right'' etc. (Sec. 8997); "in such action the party complaining is known as the plaintiff, and the adverse party as the defendant'' (Sec. 9009); all parties are to be designated either as plaintiff or defendant (Secs. 9083-9087) except interveners. Sec. 9088. The trial court may order persons other than the plaintiffs, defendants and interveners to be brought into the action (Sec. 9090), but such persons are uniformly designated as either plaintiffs or defendants. However they are designated, it is a fundamental principle of our jurisprudence that it is only against a party to the action that a judgment can be taken and that the judgment is not binding against a stranger to the action. The obvious purpose of the remedial act was, not to give relief to a stranger who might be indirectly affected, but only to give relief to a "party", who is directly affected, and then only where the judgment was the result of the party's "mistake, inadvertence, surprise, or excusable neglect.''

In this case the stockholder was not named as a plaintiff or defendant, did not intervene in the action before the trial, as authorized by section 9088, and has not been brought in as a party by court order, as authorized by section 9090, nor was the judgment taken against her. It follows that section 9187 does not apply to this situation.

In any event the motion would be insufficient to authorize relief under section 9187, since there is no showing whatever that the judgment was taken against the defendant by reason of its mistake, inadvertence, surprise or excusable neglect. In fact, it does not even show that Mrs. Mund's mistake, inadvertence, surprise or excusable neglect had anything to do with the taking of the judgment.

It is well established that courts of equity have power to give relief against judgments obtained by extrinsic fraud (Minter v. Minter, 103 Mont. 219, 62 Pac. (2d) 233); that such power is inherent, does not depend upon section 9187 or other statute (Bullard v. Zimmerman, 82 Mont. 434, 268 Pac. 512; Id., 88 Mont. 271, 292 Pac. 730); and may be granted

either on motion in the original cause (Clark v. Clark, 64 Mont. 386, 210 Pac. 93) or upon a separate equity suit for the purpose (Moser v. Fuller, 107 Mont. 424, 86 Pac. (2d) 1), although the latter method is preferred. Bullard v. Zimmerman, 82 Mont. 434, 268 Pac. 512; 5 Pomeroy's Equity Jurisprudence, 4708.

The present motion is insufficient to warrant relief against fraud under the court's inherent power exclusive of statute, since it does not excuse the stockholder's failure to seek her statutory right to intervene in time and to become a party to the suit. She does not allege that she was not aware of the pendency of the suit or of the facts alleged from which she might readily have suspected extrinsic fraud in the obtaining of the judgment, but only "that petitioner had no knowledge of said judgment until about ten days before this motion."

Both the judgment and the order appealed from are affirmed.

Associate Justices Morris, Adair, Cheadle, and Angstman, concur.

Petition for rehearing denied May 3rd, 1945.