## KINNEY v. OWENS, SHERIFF.

VACATION OF JUDGMENT—PARTIES.

1. In a proceeding under Section 3795, Revised Statutes, 1899, to vacate a judgment the judgment plaintiff is a necessary party.

2. A proceeding to vacate a judgment brought by the judgment defendant against the sheriff holding an execution, but without making the judgment plaintiffs parties, was properly dismissed.

3. The judgment plaintiffs not having been made parties to an action or proceeding brought to vacate the judgment, the judgment defendant is not entitled in such proceeding to an injunction perpetually restraining the sheriff from enforcing the judgment upon execution.

[Decided April 15, 1907.]                    (89 Pac., 573.)

ERROR to the District Court, Weston County, HON. CARROLL H. PARMELEE, Judge.

Proceeding under the statute to vacate a judgment. The facts are stated in the opinion.

*M. B. Camplin,* for plaintiff in error.

The court had no jurisdiction to render the judgment upon which the execution was issued and herein sought to be vacated, for the reason that the Union Meat Company, against whom the judgment was rendered jointly with the

other defendants in that action, was not served with summons; and the service upon the plaintiff in error Kinney was insufficient as shown by the officer's return on the summons, and for the further reason that the plaintiff was incapacitated from maintaining the action. Unless legal notice is given of a suit jurisdiction does not attach. (19 Ency. Pl. & Pr., 572, 704-5; 11 id., 842; 12 id., 179; 6 id., 24, 25, 27, 38, 39; Caldwell v. State, 12 Wyo., 213; State ex rel. v. Board, &c., 7 Wyo., 487; Wade on Notice (3d Ed.), 1137, 1138; 1 Kinkead Code Pl., 46.) Whatever is omitted from an officer's return will be presumed not to have been done. (Garbanati v. Beckwith, 2 Wyo., 213; Mitchell v. Greenwald, 43 Miss., 167; Moore v. Coats, id., 225; Naron v. Gwin, id., 346; Rankin v. Dulaney, 43 Miss., 197.) The law must be complied with as to service and return. (13 Wis., 569; Wade on Notice, 1293, 1338; Read v. French, 28 N. Y., 285; Johnson v. Delbridge, 35 Mich., 437; Gargan v. School Dist., 4 Colo., 57; Harris v. Sargent (Ore.), 60 Pac., 608; Sanford v. Edwards, 47 Pac., 212; Crapp v. Dodd, 17 S. E., 666; Linot v. Rowland, 51 Pac., 687; 4 O. Dec., 447; Bratton v. Allston, 2 O. Dec., 393; Gilbough v. Keller, 11 Phila., 364; Graves v. Robertson, 22 Tex., 130; Willie v. Thomas, id., 175; Stevens v. Price, 16 Tex., 572; Holliday v. Steel, 65 Tex., 388; Pinney v. Prov., &c., Co., 50 L. R. A., 578.)

It is true that the following language is used by the court in its findings: "The court finds that the defendants have been regularly served as provided by law," whatever that may mean; but here again we must imagine that it means regularly served "with summons" as provided by law. But give it the best construction, the finding is disproved by the record. The record controls. (Wade on Notice, Sec. 1373; Mickel v. Hicks, 19 Kan., 578; Crow v. Meyersiek, 88 Mo., 411; Coan v. Clow, 83 Ind., 417; Newcomb v. Dewey, 27 Ia., 381; Rinehart v. Lugo, 24 Pac., 1089; Neff v. Pennoyer, 3 Sawy., 274; Pardon v. Dwyer, 23 Ill., 572; Clod v. Inhabitants, 86 Mo., 357.)

The defendants were sued jointly; the judgment is joint; it is alleged one made the note and the other signed and guaranteed it; the record shows no service of summons on one of the defendants; it does not show such defendant not found; shows no continuance as to such defendant; but a joint judgment against both. For these reasons the joint judgment is void as to both defendants. (Gargan v. School District No. 15, 4 Colo., 58; Hutchinson v. Sine, 105 Ill. App., 638; Williams v. Chalfant, 82 Ill., 218; Bowmans v. Mize, 42 Ky., 320; Apelgate v. Jacoby, 39 Ky., 206; Alston v. Bank, 9 Ark., 455; Haralson v. McArthur, 87 Ga., 478; Jackson v. Hulse, 6 Mackey, 548; Dorsett v. Crew, 1 Colo., 18; Grace v. M. Co., 62 Ill. App., 149; Blanchard v. Gregory, 14 O., 413; Hutchins v. Lockett, 39 Tex., 165; Langley et al. v. Grin, 1 Colo., 71; Lenning v. Burgoyne, 1 Handy, 77, 79; 1 Ency. Pl. & Pr., 858.)

The petition in the original action did not state facts sufficient to constitute a cause of action, thereby rendering the judgment void. (6 Ency. Pl. & Pr., 45-48; Chicago v. Elec. R. Co., 116 Ill. App., 253; U. S. v. Bell, 135 Fed., 336; Hoyt v. Macon, 2 Colo., 113; Thigpen v. Mundine, 24 Tex., 282; Hubert v. New Orleans, 130 Fed., 21.) The statute requires the plaintiff to be named in the summons as well as the defendant. Unless this is done the judgment is a nullity. (Lyman v. Milton, 44 Cal., 630; Smith v. Aurich, 6 Colo., 392; Patton v. Campbell, 74 S. W., 1092; Henderson v. Ballantine, 4 Cow., 549; 4 Curr. Law, 292.) The record and the facts show fraud in procuring the judgment.

*Stotts & Blume,* for defendant in error.

It is necessary in a case of this kind to make a prima facie showing of a valid defense. (6 Ency. of Pl. & Pr., 181; White v. Hinton, 3 Wyo., 753; Galvin v. Reed (Neb.), 102 N. W., 455; Gilbert v. Morrow, 54 Neb., 77; Delaney v. Grain Co. (Neb.), 99 N. W., 660; Baldwin v. Burt (Neb.), 96 N. W., 401.) As to the service the plaintiff in error has

no ground on this point.   He came into the lower court, and
petitioned to have the judgment set aside for various reasons,
including the ground of fraud, and that the judgment had
been prematurely entered.   ·Such an appearance waives all
irregularity in the service, and makes the judgment good,
so far as notice is concerned.   (Black on Judg., 324; Yorke
v. Yorke (N. D.), 55 N. W., 1095; Rivers v. Olmstead, 66
Ia., 166; Marsden v. Saper, 11 O. St., 503; 2 Ency. Pl. &
Pr., 654-5; Life Asso. v. Lempe, 19 Pac., 337; Mayer v.
Mayer (Ore.), 39 Pac., 1002; Leake v. Gollogly (Neb.),
52 N. W., 825.)

. A merely defective notice cannot be questioned on col-
lateral attack.   (Black on Judg., 223, 224; Creveling v.
Moore, 39 Mich., 563; Gould v. Casteel, 47. Mich., 604;
Low v. Judge, 61 Mich., 35; Irions v. Keystone Mfg. Co.,
61 ·Ia., 406; Jones v. Danforth (Neb.), 99 N. W., 495;
Friend v. Green, 43 Kan., 167; Campbell Press v. Marder
(Neb.), 69 N. W., 774; Gandy v. Jolly (Neb.), 53 N. W.,
658; Baker v. Jamison, 73 Ia., 698; County Bank v. Jack
(Cal.)', 83 Pac., 705.)   Whatever errors there may have
been in the summons or in the return, the judgment is at
most only irregular, of which the plaintiff in error cannot
at this time take advantage.   A judgment void as against
one party, for want of jurisdiction, is valid as against one
over whom jurisdiction has been obtained.   (Newburg v.
Munshower, 29 O. St., 617; Douglass v. Massie, 16 O.,
271; Ash v. McCabe, 21 O. St., 181; Jamieson v. Pome-
roy, 9 Pa. St., 230; Shallcross v. Smith, 81 Pa. St., 132;
Kitchens v. Hutchins, 44 Ga., 620; Green v. Beales, 2
Caines, 254; Brittin v. Wilder, 6 Hill., 242; St. John v.
Holmes, 20 Wend., 609; York Banks Appeal, 36 Pa. St.,
460; North v. Mudge, 13 Ia., 498; Winchester v. Beardin,
10 Hump., 247; Collins v. Knight, 6 Neb., 406; Rem-
ington v. Cummins, 5 Wis., 138; Bailey v. McGinnis, 67
Mo., 362; Cheek v. Pugh, 19 Ark., 574; Murphy v. Orr,
32 Ill., 489; Rickerson v. Richardson, 26 Cal., 149; Wood
v. Olney, 7 Nev., 109.)   Black on Judgments (Sec. 239)

lays down the rule that where the judgment is against "the defendants" without specifying them, and without any appearance of those not served, the judgment will be understood to be only against those who were duly served. (11 Ency. Pl. & Pr., 952-3.) Pleadings are liberally construed after judgment or verdict. (Brown v. Helsey (Neb.), 98 N. W., 187; Marsh v. State (Neb.), 96 N. W., 520; Peterson v. Hopewell, 55 Neb., 670; Montesano v. Blair (Wash.), 40 Pac., 731; 6 Ency. Pl. & Pr., 281; 22 id., 939; Hake v. Halverstadt, 22 Neb., 421; Powers v. Powers, 20 Neb., 529; Keaton v. Keaton, 74 Mo. App., 174; Sorenson v. Sorenson (Neb.), 94 N. W., 540; Ins. Co. v. Dokks, 71 Minn., 533; Sherwood v. Sioux Falls, 10 S. D., 405; Martin v. Graff, 10 S. D., 592; Smith v. Cowles, 123 Mich., 4; Hubbard v. Haley, 96 Wis., 578.)

That a petition does not state sufficient facts is not jurisdictional after judgment. (101 N. W., 73; 61 Wis., 107; 59 Fed., 742; 99 Cal., 374; 15 Pac., 911; 71 Fed., 151; 149 Mo., 572; 23 Mo. App., 604; 35 Ore., 85; 26 Ore., 38.) Though conditions precedent, such as demand and notice, etc., are not pleaded, the defect is cured by judgment. (Grant v. Bank (Neb.), 93 N. W., 185; Harkness v. McClain (Utah), 29 Pac., 964; Weighley v. Weir, 7 S. & R., 309; Spencer v. Overton, 1 Day, 183; Crocker v. Gilbert, 9 Cush., 131; Happe v. Saul, 2 Cal., 460; Bailey v. Clay, 4 Rand (Va.), 346; Bliss v. Arnold, 8 Vt., 252; Nicholaie Bros. v. Krimble (Ore.), 43 Pac., 865; Hendrick v. Selly, 6 Conn., 176; Martin v. Blodgett, 1 Aik. (Vt.), 375; Brauns v. Glenge, 130 Ind., 167.) Fraud is attempted to be here predicated merely upon alleged legal errors. That cannot be done. (17 Ency. L., 828.)

BEARD, JUSTICE.

On May 31, 1904, in an action then pending in the District Court of Weston County, entitled, "The Bank of Newcastle, a corporation duly organized and doing business under the laws of the State of Wyoming, and Harry B. Henderson,

State Examiner in charge, plaintiffs, vs. The Union Meat Company, a corporation duly organized under the laws of the State of Wyoming; Pit Aimonetto, John Giachnio, and Pete Kinney, defendants," a judgment was rendered by default in favor of the plaintiffs and against the defendants for $823 and costs. On January 20, 1905, an execution was issued on said judgment and placed in the hands of John Owens, sheriff of said county, who is the defendant in this proceeding, for service. Pete Kinney, one of the defendants in said action, who is plaintiff in this proceeding, commenced this proceeding to set aside and vacate said judgment. The petition to vacate said judgment was presented to the court commissioner of said county and an injunction was issued by him suspending further proceedings on said judgment and execution until the further order of the court, as provided in Section 3802, R. S. 1899. A general demurrer to the petition was filed by the defendant, but the record fails to disclose any ruling thereon, and the defendant filed an answer to the petition. On the trial the District Court found generally for the defendant, dismissed plaintiff's petition, dissolved the temporary injunction and rendered judgment against the plaintiff for costs, and he brings error.

This proceeding was brought, as stated by counsel for plaintiff in his brief, "to vacate and set aside the said judgment, under the provisions of Section 3795 of the statute, especially sub-divisions 1, 3 and 4 thereof." That section of the statute provides that a District Court may vacate or modify its own judgment or order, after the term at which the same was made, in the manner and on certain grounds therein specified. Section 3799 of the same chapter is as follows: "The proceedings to vacate the judgment or order on the grounds specified in sub-divisions 4, 5, 6, 7, 8, 9 and 10 of Section 3795, shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and if the party applying was defendant, the defense to the action, and on such petition a summons shall

be issued and served as in the commencement of an action."
This proceeding was properly commenced by petition, but
whether such petition should be in the original action in
which the judgment sought to be vacated was rendered or
in an independent proceeding was expressly left undeter-
mined in State ex rel. Bank of Chadron v. District Court,
5 Wyo., 227, and need not be determined here. In that case,
however, the court expressed the opinion that the better
practice is by a separate petition. In either case when the
application is made by a defendant, the judgment plaintiffs
are necessary parties to the proceeding. They are the par-
ties directly interested in maintaining the validity of the
judgment, and we are unable to see how any order vacating
or modifying the judgment could properly be made by the
District Court without having them before the court. (Day
v. Goodwin, 104 Ia., 374; 65 Am. St. Rep., 465; Willis v.
Peet, 26 La. Ann., 156; Weidersum v. Naumann, 62 How.
Pr. Rep. (N. Y.), 369; 23 Cyc., 951-2; 15 Ency. Pl. & Pr.,
257.) And in Bever v. Beardmore, 40 O. St., 70, it was held,
that where a defendant was the applicant his co-defendants
were necessary parties to the petition to vacate a judgment
rendered at a former term. Even in the absence of authority
on the point, it is clear that the rights of the judgment
plaintiffs could not be affected or the judgment vacated
until they had been brought in and had an opportunity to
defend. The only parties to this proceeding were Kinney,
one of the defendants, and the sheriff. The judgment plain-
tiffs were not made parties, were not summoned and did
not appear. Therefore, no order could be made or judg-
ment entered which would affect their rights. The plaintiff
was not entitled to an injunction perpetually restraining the
enforcement of the judgment, which upon its face appears
to be valid, until it was proven to be invalid; and as that
could not be done without making the judgment plaintiffs
parties to the proceeding, we think the District Court prop-
erly dismissed the plaintiff's petition. The judgment of the
District Court, therefore, is affirmed.          *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.