(January 26, 1917.)

## EVVA L. KELLER, Respondent, v. FRED L. KELLER, Appellant.

[162 Pac. 927.]

NOTICE—SERVICE OF—NONRESIDENT.

    1.  Service of notice of motion to amend and modify a decree of divorce need not be personal upon a party who has appeared in the action and has thereafter departed from, and resides out of, the state.

    [As to necessity for personal service of notice in absence of express requirement as to manner of service, see note in Ann. Cas. 1915A, 222.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. Chas. O. Stockslager, Judge.

Motion to amend and modify decree of divorce. Overruled and service of moving papers quashed. *Reversed.*

The service of moving papers upon an adverse party need not be personally made upon such adverse party. (Sec. 4891, Rev. Codes.)

This statutory provision was complied with on the part of the appellant, and also by the act of the clerk of the district court in mailing a copy of each of the moving papers to the respondent at her place of residence in California. (*Collins v. Brown,* 19 Ida. 360, 364, 114 Pac. 671; *Silva v. Serpa,* 86 Cal. 241, 24 Pac. 1013.)

J. C. Rogers and W. P. Guthrie, for Respondent, file no brief.

MORGAN, J.—On March 4, 1914, respondent was granted a decree of divorce from appellant wherein the custody of their three minor children was awarded to her and wherein appellant was directed to contribute $30 per month toward their support and education.

On July 8, 1914, appellant caused to be served upon one of the attorneys for respondent in the divorce proceeding notice of motion for an order amending and modifying the decree to the end that custody of the children be awarded to him instead of to respondent, and that the provision requiring him to pay $30 per month to her be stricken therefrom.

A copy of the motion, together with a copy of appellant's affidavit in support of it, were served with the notice.

Respondent's former attorney refused to accept service of the papers, assigning as a reason that his authority to represent her had terminated, and proof of service was made by the affidavit of appellant's counsel from which it appears that respondent did not reside within the state of Idaho and that her place of residence was No. 1425 West Thirty-seventh Drive, Los Angeles, California.

Thereafter a like notice, motion and affidavit were served upon the clerk of the district court for Twin Falls county, by delivering to and leaving with him a copy thereof, and he certified that on July 15, 1914, he mailed the copies, so delivered to him, to respondent at her place of residence, as above stated, by registered mail and that he prepaid the postage thereon.

The record discloses that at the time the motion was heard counsel for plaintiff in the divorce proceeding stated to the court that they had, theretofore, had some correspondence with her looking toward their employment in the matter, but that they had not yet been employed to act therein as her attorneys, and they asked to be permitted to appear specially for the purpose of moving to quash the service of notice of motion upon the ground that personal service of the moving papers had not been made upon respondent, who was, and had been for some time theretofore, a nonresident of the state. Over objection of counsel for appellant they were permitted to so appear, and, argument having been heard by the court, it was ordered that the application and motion for an order amending and modifying the decree of divorce be denied and overruled and that the motion to quash the service of the moving papers be granted. This appeal is from that order.

It is apparent from the language employed in the court's order that the motion to quash was granted upon the theory that service of such a notice as is here under consideration, if made upon a nonresident of the state, must be personal. This is erroneous.

It is provided in sec. 4893, Rev. Codes: "When a plaintiff or a defendant, who has appeared, resides out of the State, and has no attorney resident of the State in the action or proceeding, the service may be made on the clerk for him. . . . . "

Sec. 4890, Rev. Codes, is as follows: "Service by mail may be made where the person making the service and the person on whom it is to be made reside, or have their offices, in different places between which there is a regular communication by mail."

Sec. 4891 provides: "In case of service by mail the notice or other paper must be deposited in the postoffice, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid. . . . . "

After respondent appeared in the action she removed from the state and since has been a nonresident. She had no attorney residing in the state and service was made upon the clerk for her, pursuant to sec. 4893, who served the moving papers upon her by mail, as provided by sec. 4890, in the manner prescribed by sec. 4891. The service was sufficient (*Empire Mill Co. v. District Court*, 27 Ida. 383, 149 Pac. 499), and the action of the trial court in sustaining the motion to quash was erroneous.

The order appealed from is reversed. Costs are awarded to appellant.

Budge, C. J., and Rice, J., concur.