(February 28, 1922.)

## C. E. ARMITAGE, Plaintiff, v. HORSESHOE BEND COMPANY, LTD., a Corporation, et al., Defendants.

## BOISE TITLE & TRUST COMPANY, a Corporation, Intervenor, Consolidated With I. W. BERNHEIM, Plaintiff and Respondent, v. C. E. ARMITAGE et al., Defendants; BLANCHE SPIEGEL, Defendant and Appellant; S. H. HAYS, Intervenor.

[204 Pac. 1073.]

PLEADING AND PRACTICE—MOTION TO SET ASIDE JUDGMENT.

1. C. S., sec. 6726, has no application to a motion to set aside a default judgment upon the ground that summons was not served upon the moving party.

2. A void judgment, the invalidity of which does not appear on the face of the judgment-roll, may be vacated upon motion within a reasonable time.

3. A party moving to set aside a judgment on the ground that service of summons had not been served upon the moving party, and tendering an answer and asking for general relief, submits himself to the jurisdiction of the court and waives any defect of service.

4. From an examination of the record, *held* that the trial court did not abuse its discretion or commit error in denying motion to set aside the judgment.

APPEAL from the District Court of the Third Judicial District, for Ada County.    Hon. Charles P. McCarthy, Judge.

Motion to vacate judgment and set aside default.    Order denying motion *affirmed.*

Wood & Driscoll, for Appellant.

The judgment being void, the proceedings to set aside and vacate the judgment were in due time. (*Kerns v. Morgan,* 11 Ida. 572, 83 Pac. 954; *Shumake v. Shumake,* 17 Ida. 649, 107 Pac. 42; *People v. Greene,* 74 Cal. 400, 5 Am. St. 448, 16 Pac. 197.)

The affidavit of merits and the tendered answer present a complete and meritorious defense, because the tax deed upon which Bernheim was declared the owner of the legal title was void.    (*Wilson v. Jarron,* 23 Ida. 563, 131 Pac. 12.)

Hawley & Hawley, for Respondent.

The lower court in refusing to set aside the default acted within its discretion and this court will not disturb its decision.    (Sec. 6726, C. S.; *Holzeman & Co. v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Western Loan etc. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Pease v. County of Kootenai,* 7 Ida. 731, 65 Pac. 432; *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 107 Pac. 65; *Green v. Kandle,* 20 Ida. 190, 118 Pac. 90; *Richards v. Richards,* 24 Ida. 87, 132 Pac. 576; *Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Leonard v. Brady,* 27 Ida. 78, 147 Pac. 284.)

Blanche Spiegel, as trustee, appeared by demurrer and gave the court jurisdiction. · (*Taylor v. Hulett,* 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Lenderink v. Sawyer,* 92 Neb. 587, Ann. Cas. 1914A, 261, 138 N. W. 744, L. R. A. 1915D, 948; 15 C. J. 810.)

RICE, C. J.—In this case decree was entered December 28, 1917.    On December 26, 1918, appellant Blanche Spiegel filed a notice of motion to set aside and vacate the decree,

and that she be allowed to answer the complaint of I. W. Bernheim and defend the action. With the motion she tendered an answer for filing. The grounds of the motion are not set out in the notice, but in her affidavit filed in support thereof she alleges that neither the summons nor copy of the order making her a party were ever served upon her, and that she did not have any information in relation to the service or attempted service of the summons or copy of the order requiring her to appear in the action until after the first day of December, 1918. She also alleges that she had a good defense to the action as appeared by her proposed answer. The court denied the motion.

Attached to the summons is an affidavit of E. G. Davis to the effect that he personally served the summons and order in the action upon appellant on November 8, 1916.

Appellant appears to be relying upon that clause of C. S., sec. 6726, which reads as follows:

"When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

The statute quoted has no application to the situation here presented. It refers to motions to set aside a judgment and permit a defendant to answer to the merits where judgment upon default has been entered, not upon personal but upon substituted service. Here the contention is that there was no service, and that the judgment was void for lack of jurisdiction of the person.

Assuming that the position of appellant is correct, the invalidity of the judgment does not appear upon the face of the judgment-roll. Such judgment may be vacated upon motion within a reasonable time. (*Miller v. Prout*, 33 Ida. 709, 197 Pac. 1023; *Nixon v. Tongren*, 33 Ida. 287, 193 Pac. 731.) As to what is a reasonable time in such cases there seems to be some doubt, although it was suggested in the case

of *Norton v. Atchison etc. R. Co.*, 97 Cal. 388, 33 Am. St. 198, 30 Pac. 585, 32 Pac. 452, that a reasonable time would be six months after entry of the judgment, following by analogy the time limit in C. S., sec. 6726.

We are of the opinion that by appearing generally and tendering an answer for filing and asking for general relief, appellant submitted to the jurisdiction of the court and cured the defect in the service relied upon, if there was in fact any such defect. (*Newman v. Cheesman Auto Co.*, 33 Ida. 685, 197 Pac. 826.) Appellant's motion, therefore, came too late, and, under C. S., sec. 6726, should have been made within six months after adjournment of the term.

However, the affidavits in support of and in opposition to the motion, and the records and files in the case, have been examined, and it does not appear that the trial court abused its discretion or committed error in denying the motion.

The judgment is affirmed, with costs to respondent.

Dunn and Lee, JJ., concur.

McCarthy, J., being disqualified, did not sit at the hearing or take any part in the opinion.