GILLEN, Respondent, *v.* GILLEN, Appellant.
BEATRICE GILLEN, Intervener.
No. 8560
Submitted June 1, 1945. Decided June 8, 1945.
159 Pac. (2d) 511

Mr. E. J. Stromnes and Mr. R. K. West, both of Great Falls, for appellant.

Messrs. Murch & Wuerthner, of Great Falls, for respondent.

MR. JUSTICE CHEADLE, delivered the opinion of the court.

Appeal from an order vacating a decree of divorce. On March 23, 1943, Robert Gillen, plaintiff, filed an action for divorce against Marguerite Gillen, defendant, alleging desertion. The complaint alleges residency of plaintiff in Montana for more than one year immediately preceding the commencement of the action. No service of summons was had. A general demurrer to the complaint was filed in behalf of the defendant

by one E. B. Parsons, an attorney, on April 8, 1943. Thereafter said Parsons and plaintiff's attorney signed a stipulation, in behalf of the parties, "that the demurrer heretofore filed in said action may be called up at any time without notice, and argument waived; if said demurrer is overruled, the plaintiff may have the default of the defendant entered; that the defendant declines to plead further in said action.". Thereafter the demurrer was overruled and default of the defendant entered. Decree of divorce was given and entered on April 29, 1943.

On January 19, 1944, the defendant, Marguerite Gillen, filed in the district court motion to vacate and set aside the decree on the grounds that fraud had been committed upon her and the court in the granting of the decree, in that no service of process in the action or notice of any kind of its pendency was made or given her; that at no time did defendant authorize or retain E. B. Parsons or anyone else to represent and appear for her in the action; that the purported appearance by said Parsons is wholly unauthorized, unfounded and lacking in authority.

The purported authority of Mr. Parsons to represent the defendant is contained in the following undated letter:

"Mr. E. B. Parsons

"Great Falls, Montana.

"Dear Sir:

"I wish to have you represent me in a divorce case instigated by my husband.

"I wish to have you enter a demure and a day later a stipulation. My husband will pay your fee as I do not wish to contest. You may contact him through Mr. Gray, the lawyer in the next office.

"Yours truly,

"(Signed) Marguerite Gillen."

This letter was contained in an envelope bearing an air mail stamp, postmarked at a U. S. Army Post Office [presumably at Gore Field, Great Falls, Mont.], under date of April 8, 1943.

The motion is based on affidavits of Anna C. Gillen, mother of the deceased plaintiff; Marguerite Gillen, the defendant; a certificate of Louie Miller, Jr., Captain Air Corps, United States Army; the files, proceedings and docket in the cause; and such other and further evidence as might seem proper to the court.

A petition for leave to intervene in the proceeding and to oppose the motion was filed by Beatrice McLeod Gillen on February 14, 1944. After objection by defendant, and hearing on an order to show cause, an order was made granting leave to intervene. Petition in intervention, and answer thereto, followed. By an order of March 14, 1944, the matter was set for hearing on March 23, 1944. This order directed service thereof upon the parties and upon J. E. Kramer, administrator of the estate of Robert E. Gillen, deceased. Service was duly made on each thereof. At the hearing testimony was presented by the defendant and the intervenor and other witnesses in behalf of both. On June 9, 1944, the court made its order that the purported decree of divorce be set aside, vacated and held for naught, and that same be expunged from the records and proceedings. Such order was based on the following findings and conclusions:

"And the court being duly advised in the premises and it having been conclusively shown that the defendant, Marguerite Gillen, was at no time or at any place served with process herein or with the summons and complaint and was not notified of the within entitled action or had knowledge thereof until after the decease of the said plaintiff, Robert E. Gillen, which was on or about December 22nd, 1943, and after the rendition of said purported decree of divorce;

"That the said defendant never at any time retained or authorized the said E. B. Parsons, Esq., as counsel to represent her in said cause, and said undated letter purportedly from the defendant to the said Parsons and upon which he based his authority to represent the defendant in the within entitled proceedings, is a palpable forgery; and the evidence con-

clusively proving that fraud was committed upon the defendant herein and this court in the proceedings which resulted in the granting of the said divorce decree, purporting to be given, made and entered by this court, on April 29th, 1943, and docketed in Volume 13, page 220 of Miscellaneous Judgments in the official files of the office of the Clerk of the above entitled District Court."

The evidence adduced at the hearing was excluded from the bill of exceptions at appellant's request. No question of its sufficiency to support the order appealed from is presented, the only question for determination being that of jurisdiction of the District Court.

During the hearing, and apparently at the conclusion of defendant's evidence, the intervenor moved to dismiss the motion to vacate the decree, on the ground of lack of jurisdiction by the court over the subject matter or to entertain the motion by reason of the provisions of section 9187, Revised Codes. This motion was taken under advisement, and apparently not directly ruled on by the court.

Since it is not in question, we will not discuss the contents of the affidavits and other papers filed in support of the motion to vacate the decree, except that they establish the following facts: (1) That summons in the divorce action was not served upon the defendant, either personally or by publication; (2) that neither E. B. Parsons, who filed the demurrer in defendant's behalf, nor anyone else, was authorized by the defendant to appear for her in the action; (3) that the letter purportedly authorizing Mr. Parsons to appear for the defendant was not signed by the defendant, and is a forgery; (4) that the defendant did not learn of the pendency of the divorce action, or of the decree therein, until after the death of Robert E. Gillen, several months after the decree was entered; (5) that the plaintiff, Robert E. Gillen, was not a resident of Montana for the period of one year prior to the commencement of the divorce action, or for more than four months prior thereto.

Since the evidence introduced at the hearing is not before us, we must assume its sufficiency, in conjunction with the affidavits, to sustain the court's finding that fraud was committed upon it and the defendant, resulting in the granting of the decree of divorce.

As before noted, the only question before us is that of the jurisdiction of the district court to entertain the motion to vacate and set aside the decree of divorce, filed nine months subsequent to the entry of the decree. Appellant contends that, the decree being fair upon its face and no defect appearing in the judgment roll, it is not subject to attack by motion filed more than six months after its entry, under the provisions of section 9187, Revised Codes. She argues that defendant's only remedy, under these circumstances, is an equitable action to set aside the decree.

Section 9187 provides in part: "The court may, in furtherance of justice, and on such terms * * * as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken. When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

The judgment in this case was not taken against the defendant through her mistake, inadvertence, surprise, or excusable neglect. It was taken against her through fraud of the plaintiff—extrinsic fraud practiced against her and the court, resulting in the granting of the decree. The purported appearance in behalf of the defendant was entirely without her authority, knowledge or consent, and was made fraudulently with the intent to deceive the court. It is idle to argue that

under such circumstances the court's power to purge its records is limited to the period prescribed by the statute quoted above; the provision relied upon by appellant is not applicable here.

Morehouse v. Bynum, 51 Mont. 289, 152 Pac. 477, 479, a quiet title action, involved a motion to vacate a decree and set aside a default entered after an unauthorized appearance in behalf of two of the named defendants. There the appearance was not fraudulent, but was made under a misapprehension of the attorney involved as to his authority. Actually the two defendants did not authorize the appearance, and had no knowledge thereof until after entry of the decree. In affirming the order of the trial court vacating the decree, this court said:

"The period of six months mentioned in section 6589 [now 9187] within which a motion to vacate must be presented applies in terms only to the case of one who seeks relief from the consequences of his mistake, inadvertence, surprise, or excusable neglect. It cannot apply to one who has never been served with summons, and who has not appeared, but whose default has been entered through the inadvertence of some one else. It is unnecessary to decide whether, under the concluding sentence in section 6589, Matheson was entitled to move at any time within a year from the rendition of the judgment against him. For the purposes of this appeal it is sufficient to hold that the trial court was fully justified in finding that he had not delayed his application unnecessarily after he became aware that the decree had been rendered against him."

Fraud is not one of the grounds stated or contemplated by section 9187 upon which relief from a void or voidable judgment may be obtained. The right of a court of general jurisdiction to give relief against a judgment obtained by extrinsic fraud is inherent, and is not derived from the provisions of section 9187 or other statute (31 Am. Jur. p. 279 et seq;. Clark v. Clark, 64 Mont. 386, 210 Pac. 93; State ex rel. Sparrenberger v. District Court, 66 Mont. 496, 214 Pac. 85; Moore v. Capital Gas Corporation, Mont. 158 Pac. (2d) 302; Bullard v. Zimmerman, 82 Mont. 434, 268 Pac. 512), and may

be granted either on motion in the original cause (Moore v. Capital Gas Corporation, supra; Clark v. Clark, supra) or upon a separate equity suit. Moser v. Fuller, 107 Mont. 424, 86 Pac. (2d) 1. McGuinness v. Superior Court, 196 Cal. 222, 237 Pac. 42, 46, 40 A. L. R. 1110, involved circumstances similar to those of this case. There the supreme court of California affirmed such inherent right, and the rule that the same may be exercised after the lapse of the statutory time which limits the entertainment of applications based upon surprise, inadvertence, and so forth, provided the motion is made within a reasonable time. The court said:

"We are therefore of the opinion that there is no merit in the petitioners' contention that the plaintiff in the divorce action had lost the right to make her motion to set aside said final decree in the trial court upon the ground of fraud committed upon herself and upon the court in its procurement, because her said motion was not made within the time prescribed in section 473 of the Code of Civil Procedure."

Sec. 9187, Revised Codes, corresponds with section 473, California Code of Civ. Procedure. See, also, Olivera v. Grace, 19 Cal. (2d) 570, 122 Pac. (2d) 564, 140 A. L. R. 1328; Penland v. Goodman, 44 Cal. App. (2d) 14, 111 Pac. (2d) 913; McCarthy v. McCarthy, 23 Cal. App. (2d) 151, 72 Pac. (2d) 255; King v. Superior Court, 12 Cal. App. (2d) 501, 56 Pac. (2d) 268; Kasperian v. Kasparian, 132 Cal. App. 773, 23 Pac. (2d) 802; Chiarodit v. Chiarodit, 218 Cal. 147, 21 Pac. (2d) 562; Kronman v. Kronman, 129 Cal. App. 10, 18 Pac. (2d) 712.

Here the motion to vacate was filed within one year after rendition of the decree. The recitals in the affidavits show due diligence by the defendant in applying for relief. The trial court was justified in holding, in effect, that the petition was filed within a reasonable time. The decree was void because of lack of jurisdiction of the trial court over the person of the defendant, and no question of possible estoppel is present, even if such could under any circumstances be raised.

Appellant cites numerous authorities for the rule that the

power of courts to modify, vacate or correct judgments fair on their face ceases at the expiration of six months. These authorities are based upon situations falling within the purview of section 9187 and the time limitation thereby prescribes. Since we have held that the provisions of that section for vacating judgment are inapplicable, the authorities cited are likewise inapplicable. State ex rel. Sparrenberger v. District Court, supra, relied on by appellant, was an action in equity to set aside a decree because of lack of service of summons, brought after the expiration of one year from the rendition of the decree. The ruling therein is of no value in the determination of the question here involved.

Appellant further argues that the death of the plaintiff prior to the filing of the motion, divested the trial court of further jurisdiction. Such argument is without merit. Death of one of the parties to a divorce action, after decree therein, does not deprive the trial court of its power to purge its records of a void or voidable decree procured by fraud practiced upon it. As is said in McGuinness v. Superior Court, supra:

"To such a purpose the death of the defendant in said action is merely incidental, and is in no wise controlling upon the power of the court to purge its records of orders and decrees which the court has been wrongfully misled into making through the fraudulent imposition of a party to an action pending, at the time of such imposition, before it. To hold that the party having accomplished such imposition could by dying deprive the court of the right when properly advised to so purge its own records would be to abridge to the point of denial one of the most salutary of the inherent powers of the court." Cohn v. Stanford, 131 Cal. App. 463, 21 Pac. (2d) 464; Britton v. Bryson, 216 Cal. 362, 14 Pac. (2d) 502; Citizens' Nat. Trust & Savings Bank v. Tomb, 120 Cal. App. 438, 7 Pac. (2d) 1104.

We are not unaware of the distress and injustice to people innocently involved in this regrettable situation, resulting from the deception by the plaintiff and his lack of responsibility toward his unborn child. But our sympathy for them, no matter

how genuine, cannot form the basis of permission of litigants to flout the integrity of our courts, or, by the practice of fraud and deception, to constitute them instruments of injustice. The circumstances of this unfortunate situation will direct the attention of the attorneys of this state to the duty of thorough investigation of their authority obtained in such manner as here employed, for their own protection and to prevent the miscarriage of justice.

The order appeared from is affirmed.

Mr. Chief Justice Johnson, and Associate Justices Morris, Adair, and Angstman, concur.