**202 P.2d 411**

### KEANE v. ALLEN et al.

#### No. 7467.

Supreme Court of Idaho.

Jan. 26, 1949.

H. S. Sanderson, of Coeur d'Alene, for appellant J. A. Allen, appearing specially.

Herman J. Rossi, of Wallace, and Therrett Towles, of Spokane, Wash., for appellant Hunter Creek Mining Co.

W. F. McNaughton, of Coeur d'Alene, and Therrett Towles, of Spokane, Wash., for all other appellants.

W. H. Langroise and W. E. Sullivan, both of Boise, and Eugene F. McCann, of Wallace, for respondent.

58

HYATT, Justice.

We have here two separate appeals in a proceeding to set aside by motion on the ground of extrinsic fraud, a judgment of dismissal of an action. The background is briefly as follows:

On June 25, 1947, respondent Keane for himself as a partner and in the interests of the partnership creditors, brought suit against appellant J. A. Allen, as the other partner, for a partnership dissolution and accounting.

The remaining appellants along with the defendant, B. W. Porter, were named as parties to the action in order that a complete accounting might be had of the partnership affairs and transactions, either because they were corporations organized and controlled by the partners in their partnership business, or were persons and corporations with whom the partnership had substantial dealings.

Summons was served upon all of the defendants and appellants above named except B. W. Porter and Montana Leasing Company.

Thereafter, on July 8, 1947, and before any further action was taken in the case, a stipulation for dismissal of the suit with prejudice was entered into between the attorneys for Keane, and W. F. McNaughton of Coeur d'Alene, Idaho, and Therrett Towles of Spokane, Washington, as attorneys for Allen individually and as President and Treasurer, respectively, of Lexington Silver-Lead Mines, Inc., and Coeur d'Alene Consolidated Silver-Lead Mines, Inc., and James A. Wayne, of Wallace, Idaho, as attorney for Hunter Creek Mining Co., all of which parties defendant had appeared in the action by demurrers. Upon this stipulation, judgment of dismissal with prejudice was made, entered, and filed on August 8, 1947.

On April 17, 1948, respondent Keane filed a motion for an order striking said judgment of dismissal from the records and files and reinstating the action. This motion, by its terms, was based upon his affidavit filed therewith, the records and files of the action, and oral testimony to be introduced upon the hearing.

The affidavit referred to, in effect, sets forth that Keane was induced to dismiss

the action by certain false and fraudulent representations and promises by Allen, and as a part thereof to enter into an agreement of settlement and for the appointment of trustees to liquidate certain partnership assets for the benefit of the creditors, which agreement and promises Allen did not intend to carry out, but were fraudulently made by him to obtain the dismissal.

The motion to vacate was served upon Allen, individually and as President of Lexington Silver-Lead Mines, Inc. and Coeur d'Alene Consolidated Silver-Lead Mines, Inc., respectively, in Spokane, Washington, where he resided, and upon attorneys, W. F. McNaughton and Therrett Towles, who had appeared for him individually and in his said representative capacities in the original action.

Allen, individually and in the representative capacities mentioned, then moved to quash the service of the motion by two special appearances, one by H. S. Sanderson, an attorney of Coeur d'Alene and another by W. F. McNaughton and Therrett Towles. The motions to quash were based upon affidavits to the effect that Allen was a non-resident of Idaho; that he was served outside the State of Idaho; that Therrett Towles and W. F. McNaughton were not his attorneys and had not been since the dismissal of the action; that they had no authority to be served for him; and that by reason of such facts, the services were void.

The motions to quash came on for hearing May 7, 1948. Towles, McNaughton, and Sanderson appeared specially and only for the purposes of their motions. The court denied the same and struck the special appearance of H. S. Sanderson from from the records and files.

The court then proceeded to hear the plaintiff on his motion to strike the judgment and reinstate the action, and entered an order granting the same.

Allen, individually and in said representative capacities, has appealed from the order denying his motions to quash and all the other defendants to the original action, except B. W. Porter, who was not served with summons and never appeared in the original action, have appealed from the order striking the judgment and reinstating the action.

We will consider first the appeal of Allen. He assigns as error the denial of his motions to quash and the striking of the special appearance of H. S. Sanderson.

This court has recognized that a special appearance for the purpose only of making a motion to quash the service is the proper method to attack the validity thereof and to raise the question of the jurisdiction of the court over the person of the defendant. See Central Deep Creek Orchard Co. v. C. C. Taft Co., 34 Idaho 458, 202 P. 1062.

The material point here is whether or not the service of the motion upon Allen's

resident attorney in the action is valid and binding. In view of our conclusion it will be unnecessary to determine the validity of the service personally made upon Allen in Washington.

■ It is contended that the relationship between Allen as client and McNaughton as attorney, ceased upon the entry of the judgment of dismissal. The rule under modern day practice is that the attorney's authority to represent his client after the entry of judgment does not cease for all purposes unless and until the attorney makes a statutory withdrawal as such; authority of the resident attorney continues until his client has a judgment which is no longer subject to vacation on motion for any causes provided by statute or upon which a court has inherent power to act. See Sec. 12-505, I.C.A. relating to service of papers on a non-resident, and also Keller v. Keller, 30 Idaho 79, 162 P. 927, 929; Sturgiss v. Dart, 23 Wash. 244, 62 P. 858, and cases therein reviewed; In re Force, 113 Wash. 151, 193 P. 698; Harju v. Anderson, 125 Wash. 161, 215 P. 327; Phelps v. Heaton, 79 Minn. 476, 82 N.W. 990; Freeman on Judgments, 5th Ed., Sec. 279, page 551; 5 Am.Jur. 324.

■ The service on Allen by service on McNaughton, his resident attorney in the action, was good. The order appealed from is therefore affirmed.

■ Since Allen could not proffer any affidavits or pleadings or participate or offer evidence in the hearing of the motion to strike and reinstate without subjecting himself to the jurisdiction of the court, State v. Braun, 62 Idaho 258, 110 P.2d 835 and authorities therein collected, American Surety Co. v. District Court, 43 Idaho 589, 254 P. 515, Venus Foods v. District Court, 67 Idaho 390, 181 P.2d 775, the proceeding must be remanded and he now given an opportunity to participate in a hearing of the motion on its merits.

The remaining appellants by their appeal assign as error the striking of the judgment and the reinstatement of the action, raising thereunder certain questions, the following of which are pertinent to a decision and hereinafter discussed.

Notice of the motion to strike and reinstate was not served on all the defendants who were originally served with process or who appeared in the original action. The record discloses that other than appellant Allen, individually and in his representative capacities, the only defendants served were J. V. Grismer and Northwestern Powder Company. Unserved appellants did not appear for the hearing.

■ A motion to vacate a judgment upon the ground of extrinsic fraud is in the nature of a legal remedy, but equitable in character, and is a further proceeding in the original action. For general principles, see 31 Am.Jur. 268; Miller v. Prout, 32 Idaho 728, 187 P. 948; Baldwin v. Anderson, 51 Idaho 614, 8 P.2d 461.

■ All defendants who were served with process in the action or who appeared

therein should have been served with notice of the motion. It is the general rule that ordinarily all parties to a judgment must be joined in a proceeding to open or vacate such judgment. See 49 C.J.S., Judgments, § 293, p. 539; 34 C.J. 344; Freeman on Judgments, 5th Ed., Sec. 278, p. 549; 31 Am.Jur. 259; Kinney v. Owens, 15 Wyo. 387, 89 P. 573; Weer v. Bell, 68 Okl. 178, 174 P. 500.

Respondent, apparently for good reasons, joined and served in the main action all these appealing defendants as necessary parties for an entire and complete adjudication of matters involved in the suit. All such parties should have been served with notice of the proceeding since their rights in the judgment are affected. In view of the multiple and intricate dealings of the partnership as disclosed by the present state of the record, we cannot say that the defendants served with the motion were not entitled to have all the other parties defendant before the court if the action be reinstated. Further, all parties should be served in order that the court can make a full determination of the equities involved, since it might be shown that some parties have justifiably changed their position as a result of the judgment and a vacation thereof would be inequitable.

The court therefore erred in proceeding to set aside the judgment entirely and as to all defendants who were parties to it when the court did not have them all before it.

■ Inasmuch as this case has to be remanded for further proceedings, those appellants who were not served with the motion to vacate the judgment have nevertheless taken an appeal and are now in court and service upon them is now unnecessary. See American Soda Fountain Co. v. Hairston Drug Co., Tex.Civ.App., 52 S. W.2d 764.

■ Continuing with the other points raised, the affidavit of Keane, sufficiently establishes extrinsic fraud which would justify the vacation of the judgment. See Pocatello Security Co. v. Henry, 35 Idaho 321, at page 328, 206 P. 175, 27 A.L.R. 337, wherein it was said if a promise is made without any intent on the promisor's part to keep it, but to induce action on the part of the promisee, it is fraud; and that false representations as to future events will constitute fraud where such events depend upon the acts of the party making the representations and form the inducement whereby the other party is lead into the transaction.

■ What constitutes extrinsic fraud was extensively discussed by this court in Donovan v. Miller, 12 Idaho 600, 88 P. 82, 9 L.R.A.,N.S., 524, 10 Ann.Cas. 444. From that case the rule to be drawn is that extrinsic fraud is fraud or deception practiced upon a party by his adversary which has prevented the former from trying his case, or having a real contest of the subject matter of the suit in court. All of the elements of actionable fraud must, of

course, exist. Extrinsic fraud must be that by which a dismissal or a judgment is obtained without a contest and not such fraud as is the subject matter of the action. For a compilation of cases defining extrinsic fraud, see "Extrinsic or Collateral Fraud", Vol. 15, Words and Phrases, Perm.Ed., p. 901 et seq. and Pocket Part; Annotation 88 A.L.R. 1201. See also Jacobson v. Brey, 72 N.D. 269, 6 N.W.2d 269.

■ Next contention is that under Occidental Life Insurance Co. v. Niendorf, 55 Idaho 521, 44 P.2d 1099, respondent is limited in a proceeding to set aside a judgment to those grounds set forth in Sec. 5-905, I.C.A. The Occidental case does not go that far but only holds that insofar as the manner and method of exercising the common law powers of vacating a judgment has been defined and prescribed by statute, the statutory method and remedy is exclusive. In Zounich v. Anderson, 35 Idaho 792, 208 P. 402, it was said that where fraud has been perpetrated in obtaining a judgment, the defendant is not confined to his statutory remedy to set aside a judgment against him by reason of his mistake, inadvertence or excusable neglect. In Sec. 5-905, I.C.A., fraud is not mentioned. Extrinsic fraud is a recognized ground upon which a court in its inherent power may set aside a judgment. See Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250; Clark v. Clark, 64 Mont. 386, 210 P. 93; Bullard v. Zimmerman, 88 Mont. 271, 292 P. 730; Gillen v. Gillen, 117 Mont. 496, 159 P.2d 511; and Freeman on Judgments, 5th. Ed., Vol. I, p. 460, note 16 and cases therein cited.

■ The next contention is that the motion to strike and reinstate was not made within six months after September 7, 1947, the adjournment of the term in which the judgment and dismissal was entered. In Gillen v. Gillen, supra, 117 Mont. 496, 159 P.2d 511, at page 513, it was held that the inherent right of a court of general jurisdiction to give relief against a judgment obtained by extrinsic fraud may be exercised after the lapse of the statutory time which limits the entertainment of applications based upon surprise, inadvertence, and excusable neglect, if the motion is made within a reasonable time. See also Furman v. Furman, 153 N.Y. 309, 47 N.E. 577, 60 Am.St.Rep. 629; Bancroft Code Practice & Remedies, Vol. 3, p. 2459; Ex-Mission L. & W. Co. v. Flash, 97 Cal. 610, 32 P. 600; McGuinness v. Superior Court, 196 Cal. 222, 237 P. 42, 40 A.L.R. 1110.

This court has said that a void judgment, the invalidity of which does not appear upon the face of the judgment-roll, may be vacated upon motion made within a reasonable time. Miller v. Prout, 33 Idaho 709, at page 716, 197 P. 1023. See also Armitage v. Horseshoe Bend Co., 35 Idaho 179, 204 P. 1073.

In the latter case, it was pointed out that there is doubt as to what constitutes

a reasonable time although it had been suggested in Norton v. Atchison, etc., R. R. Co., 97 Cal. 388, 30 P. 585, 32 P. 452, 33 Am.St.Rep. 198, cited in Miller v. Prout, supra, that a reasonable time would be not to exceed six months after the entry of the judgment. In the Armitage case, the court did hold that the motion to set aside a default judgment came too late when made more than six months after the end of the term. However, the motion there came under the provisions of C.S. 6726, now Sec. 5-905 I.C.A.

We appreciate that there must be finality to judgments sometime and they should not be subject to vacation even on the ground of fraud after a lapse of too long a time. Taking by way of analogy our statute in regard to vacation of judgments, Sec. 5-905, I.C.A., governing relief from defaults in certain instances, allows an application for relief to be made within a reasonable time, but not exceeding six months after the adjournment of the term, and also where summons has not been personally served, a defendant may seek relief at any time within one year after the rendition of the judgment. As hereinbefore pointed out, Sec. 5-905 is not controlling or exclusive where fraud is involved. Since one year is the maximum statutory time for vacation of a judgment, a reasonable maximum time for vacation of any judgment, the invalidity of which does not appear from the face of the judgment-roll, should not be in excess of one year from the entry of judgment. See Bancroft, Code Practice & Remedies, Vol. 3, p. 2460.

Regardless of the maximum time, the motion must be nevertheless made within a reasonable time after discovery of the fraud. Clark v. Southern Can Co., 116 Md. 85, 81 A. 271, 36 L.R.A.,N.S., 980.

"Reasonable time" has been defined by Black's Law Dictionary, 3rd Ed., p. 1730, (citing many cases) as such length of time as may fairly, properly, and reasonably be allowed or required, having regard to the nature of the act or duty, or of the subject matter, and to the attending circumstances.

What constitutes a reasonable time is a matter within the sound legal discretion of the court in which the motion is made. McGuinness v. Superior Ct., supra.

Respondent here has made no showing as to when the fraud was discovered by him or how long it was known to him before he filed his motion to vacate. Since the power of a court to vacate judgments on the ground of fraud should be cautiously exercised, it is incumbent upon a moving party to make such a showing that the trial court can say that he acted promptly and that his motion was timely filed with reference to the circumstances of the case and the discovery of the fraud.

For the reasons just mentioned this case must be remanded for a new hearing on the motion.

Respondent should be allowed to make a further showing, and the court should find, as to whether the motion to vacate was made within a reasonable time after the discovery of the fraud.

It is unnecessary for us to determine whether respondent is confined to an independent suit in equity to set aside the judgment by reason of a settlement contract being involved. Respondent's showing is to the effect that Allen never intended to and never did carry out any of the covenants on his part to be performed, and used the contract as a scheme or device to perpetrate the fraud, and obtain the dismissal.

If upon the rehearing of the motion it should develop that Allen, prior to the making of the motion, performed the contract, or parted with something of value, to such an extent that it would be inequitable or impossible to set aside the judgment by motion, such questions as might arise in connection therewith are left open for determination in the first instance by the trial court.

The order striking the judgment of dismissal and reinstating the original action is reversed. The entire cause is remanded for a new hearing of the motion to strike and reinstate.

No costs awarded.

HOLDEN, C. J., GIVENS, J., and TAYLOR, and SUTPHEN, District Judges, concur.