**220 P.2d 383**

**KEANE v. ALLEN et al.**

**No. 7625:**

Supreme Court of Idaho.

July 10, 1950.

McNaughton & Sanderson, Coeur d' Alene, Herman J. Rossi, Wallace, R. Max Etter, Wm. Cullen, Jr., and Therrett Towles, all of Spokane, Wash., for appellants.

434

W. H. Langroise and W. ·E. Sullivan, Boise, Eugene McCann, Wallace, for respondent.

GIVENS, Justice.

At the initial appearance of this case in this Court, Keane v. Allen et al., 69 Idaho 53, 202 P.2d 411, 417, it was remanded for the trial court to determine, among other things, whether respondent had filed his crucial motion within a reasonable time. That decision became the law of the case, clearly holding timely action was an indispensable condition precedent to setting aside the judgment.

We there held respondent's moving affidavit, identical then and now,

"* * * made no showing as to when the fraud was discovered by him or how long it was known to him before he filed his motion to vacate. Since the power of a court to vacate judgments on the ground of fraud should be cautiously exercised, it is incumbent upon a moving party to make such a showing that the trial court can say that he acted promptly and that his motion was timely filed with reference to the circumstances of the case and the discovery of the fraud."

"Respondent should be allowed to make a further showing, and the court should find, as to whether the motion to vacate was made within a reasonable time after the discovery of the fraud." Keane v. Allen et al., supra.

The burden of proof was, therefore, on respondent to make a showing he moved within a reasonable time, dependent on when *he* discovered, or activating knowledge would be imputed to him, the falsity of appellant Allen's representations, or intention, existing at the time the settlement agreement was made, not to perform; what he discovered and why he did not move sooner.

The only evidence on this point was the testimony of one of respondent's attorneys as to when *he* first received information (mere rumor and hearsay) it was appellant Allen's intention not to carry out the terms of the agreement.

There was no evidence (if admissible) as to *when respondent first* received information appellant Allen's representations were ·false or he had never intended to perform.

The record thus being as deficient in this regard now as on the first appeal, there was no basis for the learned trial court's determination that respondent acted timely.

It is unnecessary to consider other points raised.

The Order setting aside the judgment of dismissal is reversed and the original judgment with prejudice ordered reinstated. Costs to appellants.

HOLDEN, C. J., and PORTER, TAYLOR, and KEETON, JJ., concur.