340 P.2d 108

**George GREGORY, Plaintiff-Respondent,**

**v.**

**Roy L. HANCOCK, Defendant-Respondent,**
**Josephine Hancock, Defendant-Appellant.**

**Roy L. HANCOCK, Plaintiff-Respondent,**

**v.**

**Josephine HANCOCK, Defendant-Appellant.**

Nos. 8613, 8614.

Supreme Court of Idaho.

May 21, 1959.

McNaughton & Sanderson, Coeur d'Alene, for respondent.

Stephen Bistline, Sandpoint, for appellant.

MARTIN, District Judge.

On November 12, 1952, respondent, George Gregory, commenced an action, case No. 7117, against respondent, Roy L. Hancock, and appellant, Josephine Hancock, then husband and wife, to foreclose a real estate contract for default in the payment of the purchase price.

On affidavit of the then attorney for plaintiff, an order for publication of summons was issued for both defendants. Roy L. Hancock, however, was personally served in Bonner county, Idaho, and Josephine Hancock was served in accordance with said order by publication and mailing to Escondido, California.

On the failure of either party to appear within the time required, default was entered, and decree of foreclosure made and entered by the court on January 2, 1953, foreclosing the defendants of all equity in the premises covered by the contract.

Later, on February 3, 1953, respondent, Roy L. Hancock, filed a divorce action, case No. 7149, against the appellant, Josephine Hancock, alleging cruelty and desertion. On affidavit of counsel an order was issued for service of summons by publication and mailing upon Josephine Hancock in Escondido, California. Upon her failure to appear within the statutory time, default was entered, and decree of divorce made and entered on March 30, 1953.

On July 22, 1953, appellant, Josephine Hancock, commenced an action against respondents, and others, alleging a conspiracy to defraud her, case No. 7229, which case ended on May 22, 1954, the court sustaining the general demurrers of all the parties to the plaintiff's, Josephine Hancock's, complaint.

On December 24, 1954, the appellant, Josephine Hancock, having abandoned her tort action, case No. 7229, petitioned the District Court to vacate, set aside, and hold for nought the judgment entered in case No. 7117, the foreclosure action in which judgment of foreclosure was rendered January 2, 1953. The appellant also petitioned the court to vacate, set aside, and hold for nought the judgment entered in case No. 7149, in which decree of divorce was entered March 30, 1953.

Appellant asks review of the orders denying her motions to vacate the judgments. The same or similar questions are presented in both cases, and both cases are presented in one set of briefs. We shall dispose of both cases in this opinion.

The petition in the foreclosure case, No. 7117, asked the vacation of the judgment without prejudice to the rights of bona fide third party purchasers of any of the property described therein.

The petition in each case incorporates the complaint filed in the tort action and

alleges that fraud practiced upon the appellant and the court resulted in judgment in each case being obtained against the appellant. The petitions, in effect, state that respondents caused to be made an affidavit in each case for publication of summons, in which it was alleged that appellant, defendant in each case, could not be served with summons and complaint in the State of Idaho, and that she had departed from the State of Idaho, was not within the State of Idaho, and that her last known address was Escondido, California; that said affidavit in each case was false, and knowingly false, and conspired in by the respondent and others to keep the appellant ignorant of the said purported actions; that respondents and each of them knew the appellant's address to be Route 2, Box 780, San Marcos, California; that the clerk of the court upon reading the affidavits, and not knowing the falsity thereof, did order that the defendant, Josephine Hancock, be served by publication and mailing to Escondido, California.

Appellant further alleges that in both actions she never received, nor could she have received, copies of the summonses and complaints mailed out and addressed to her at Escondido, California; that the appellant had no knowledge of either of said fraudulent actions until after both had gone to judgment; that appellant was sent to California by Roy Hancock, respondent, to regain her health; that he wrote her letters there at Route 2, Box 780, San Marcos, California; that the foreclosure suit was instituted for the benefit of Roy Hancock, and not for the plaintiff in the action; that as a result of said frauds the appellant has been cheated out of her equity in the ranch property, and her status as a married woman, to her damage.

Motions to dismiss the petitions to vacate, and affidavits in support thereof, were filed in both cases. The motions and affidavits for dismissal generally deny the allegations contained in the motions to vacate, and the motion to dismiss asks dismissal of the motion to vacate on the grounds:

1. That the petition to vacate fails definitely and positively to show or allege fraud on the part of the plaintiffs, respondents;

2. That the petition fails to show that the defendant, appellant, had a meritorious defense in each of the cases, and fails to include, as part of her showing, her proposed answer and defense;

3. That defendant's said motion is untimely made and is barred because not made within one year after rendition of said divorce decree as required by the provisions of § 5-905, Idaho Code, relating to relief from default judgment when the summons therein has not been personally served, said judgment being in all respects regular on its face;

4. That defendant has not made her said motion within a reasonable time after the rendition of said decree and is guilty of laches, inasmuch as under the Idaho law one year is the reasonable maximum time for the vacation of any judgment, the invalidity of which does not appear from the face of the judgment roll.

And in the foreclosure case, No. 7117, two additional grounds are alleged:

5. That the defendant has failed to use due diligence in the prosecution of her petition to vacate the judgment;

6. That the evidence heretofore presented in this matter on January 12, 1955, by the defendant, Josephine Hancock, affirmatively bars the defendant from any recovery under the petition to set aside the judgment.

After considerable delay the petitions to vacate came on for hearing and were consolidated for hearing, and heard by the court on June 7, 1957. An order in each case was entered July 15, 1957, denying the motions to vacate, from which orders these appeals were taken.

In each case the order reads:

"This matter having come on for hearing before the undersigned Judge of the above entitled court on the 7th day of June, 1957, upon the application of the plaintiff, Roy L. Hancock, for a hearing and determination of questions of law having to do with the validity of defendant's motion to vacate decree herein and the court having heard the oral arguments of counsel for the respective parties and having allowed a period of time, now elapsed, for counsel to submit written briefs on the questions of law, if they chose to do so, and the court having considered the law and the arguments of counsel and being fully advised in the premises, now, therefore, good cause appearing,

"It is ordered and this does order that the defendant's motion on file herein to vacate that certain decree made and entered in the above entitled action, on the 30th day of March, 1953, [January 2, 1953] be and same is hereby denied with prejudice for the reason that said motion was not made within one year after the entry of said decree."

The fraud contended for by the appellant here comes within the time-honored definition of extrinsic fraud.

■ Generally speaking, the fraud which will invalidate a judgment must be extrinsic or collateral to the issues tried, by which the aggrieved party has been prejudiced or prevented from having a fair or any trial, as distinguished from

intrinsic fraud, or that which is involved in the issues tried, such as presentation of perjured testimony. Donovan v. Miller, 12 Idaho 600, 88 P. 82, 9 L.R.A.,N.S., 524, 10 Ann.Cas. 444; Keane v. Allen, 69 Idaho 53, 202 P.2d 411; Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031; Parke v. Parke, 72 Idaho 435, 242 P.2d 860; Weber v. Williams, 137 Colo. 269, 324 P.2d 365.

Where extrinsic fraud has been perpetrated in obtaining a judgment the defendant is not confined to his statutory remedy to set the judgment aside by reason of his mistake, inadvertence, or excusable neglect. The equity power of the district court to vacate a judgment obtained by means of extrinsic fraud is inherent, not statutory, and is not subject to the time limitations imposed by the statute, I.C. § 5–905, and may be exercised after the lapse of the statutory time, in the discretion of the court. Zounich v. Anderson, 35 Idaho 792, 208 P. 402; Keane v. Allen, supra; Smutny v. Noble, 78 Idaho 628, 308 P.2d 591; McGuinness v. Superior Court, 196 Cal. 222, 237 P. 42, 40 A.L.R. 1110; Aldrich v. Aldrich, 203 Cal. 433, 264 P. 754; Bowman v. Bowman, 125 Cal.App. 602, 13 P.2d 1049, 14 P.2d 558; Gillen v. Gillen, 117 Mont. 496, 159 P.2d 511; Thiriot v. Santa Clara Elementary School District, 128 Cal.App.2d 548, 275 P.2d 833; Bennett v. Hibernia Bank, 47 Cal.2d 540,

305 P.2d 20; 15 West's Annotated Cal. Code Civ.Proc., § 473, pp. 280–281. Such an attack upon a voidable judgment is direct, and may be made either by motion or independent action. In re Estrem's Estate, 16 Cal.2d 563, 107 P.2d 36.

Any motion to set aside a judgment on the ground of extrinsic fraud must be made within a reasonable time. Keane v. Allen, supra; McGuinness v. Superior Court, supra; Bowman v. Bowman, supra. Cf. Gerlach v. Schultz, 72 Idaho 507, 244 P.2d 1095.

"A void judgment, the invalidity of which does not appear upon the face of the judgment roll, may be vacated upon motion within a reasonable time." Miller v. Prout, 33 Idaho 709, 197 P. 1023, Syllabus 3; Armitage v. Horseshoe Bend Co., Ltd., 35 Idaho 179, 204 P. 1073, Syllabus 2.

"Reasonable time," as defined in Black's Law Dictionary, 4th Ed., page 1653, is "Such length of time as may fairly, properly, and reasonably be allowed or required, having regard to the nature of the act or duty, or of the subject matter, and to the attending circumstances. (Citing many cases.)" Keane v. Allen, supra [69 Idaho 53, 202 P.2d 417].

What constitutes a reasonable time is a matter within the sound legal discre-

**228**

tion of the court in which the motion is made. Keane v. Allen, supra, McGuinness v. Superior Court, supra.

The following statement appearing in Keane v. Allen was not necessary to a decision in that case:

"* * * Since one year is the maximum statutory time for vacation of a judgment, a reasonable maximum time for vacation of any judgment, the invalidity of which does not appear from the face of the judgment-roll, should not be in excess of one year from the entry of judgment." Keane v. Allen, 69 Idaho 53, 63, 202 P.2d 411.

■ The court erred in denying the appellant's motion to vacate the decree in each of cases No. 7117 and No. 7149 on the grounds stated in each case that said motions were not made within one year after entry of the decree.

The orders in each case will be reversed, and the causes remanded to the trial court to determine the merits of appellant's motions to vacate the judgments and the merits of respondents' motions to dismiss.

Costs to appellant.

TAYLOR, SMITH and McQUADE, JJ., concur.

PORTER, C. J., and KNUDSON, J., did not participate.